In re Joe H. WILLIAMSON, Individually, and d/b/a J.H. Williamson Oil Company, Debtor.

DURHAM RITZ, INC. d/b/a
Auto Laundry Car Wash
Systems, Plaintiff,

v.

Joe H. WILLIAMSON d/b/a J.H.
Williamson Oil Company,
Defendant.

Bankruptcy No. 91–43086.
Adv. No. 92–40019.

United States Bankruptcy Court,
N.D. Alabama, E.D.

Sept. 23, 1992.

T. Boice Turner, Jr., Anniston, Ala., for plaintiff.

Harry P. Long, Anniston, Ala., for defendant.

## MEMORANDUM OPINION

JAMES S. SLEDGE, Bankruptcy Judge.

### Facts

The above-styled Chapter 11 case was commenced on November 14, 1991. Notice of the filing of the Petition and related matters was sent to all scheduled creditors by the Clerk of the Court on November 19, 1991. That notice provided that the meeting of creditors pursuant to Section 341(a) would be held on December 19, 1991. The notice further stated that the deadline for filing complaints to determine dischargeability under 11 U.S.C. Section 523(c) was "to be set"; no further notice issued by the Clerk addresses the deadline for filing such complaints.

Durham Ritz, Inc. was scheduled as a creditor in this case and does not deny that it received a copy of the Notice issued by the Clerk on November 19, 1991. The said creditor filed a proof of claim in the case on December 16, 1991 and was represented by counsel at the first meeting of creditors on December 19, 1991.

This adversary proceeding was commenced on March 5, 1992 by the filing of a complaint seeking a determination as to the dischargeability of a debt under Section 523(c). The Defendant moved to dismiss the adversary proceeding on grounds that the complaint was not timely filed. The Plaintiff concedes that its complaint was filed more than two weeks after the deadline for the filing of such complaints as set forth in Bankruptcy Rule 4007(c), but argues that the Defendant's motion should be denied due to the failure of the Court to notify creditors of the deadline for filing Section 523(c) complaints. Specifically, the Plaintiff argues that since the notice issued on November 19, 1991 stated that the filing deadline for dischargeability complaints was "to be set", it implied that the Court would issue a subsequent notice of the deadline, and that the Plaintiff had a right to assume that it would receive such a notice prior to having its claim barred.

### Discussion

Bankruptcy Rule 4007(c) provides that in Chapter 7 and Chapter 11 cases, any complaint to determine the dischargeability of a debt pursuant to Section 523(c) must be filed within sixty days of the first date set for the meeting of creditors, that the Court shall give creditors at least thirty days notice of the deadline, and that the deadline may for cause be extended but only upon motion of a party in interest made prior to the expiration of the period.[1]

At the outset of the case, the Court notified the Plaintiff of the filing of the Petition and of the first date set for the meeting of creditors. The question is thus whether the failure of the Court to issue notice of the specific date fixed for the filing of 523(c) complaints justifies the late filing of such a complaint by the Plaintiff.

The Eleventh Circuit addressed this question in the context of a creditor who was not scheduled as a creditor in the debtor's petition and thus received no official notice of the filing of the petition, the first date set for the creditors' meeting, or the time for filing Section 523(c) complaints. *Byrd v. Alton (In Re: Alton)*, 837 F.2d 457 (11th Cir.1988). Approximately three weeks after the filing of the chapter 11 petition in that case, the debtor sent the creditor a notice of the petition and the automatic stay; the notice, which was not dated, did not specify the date of the filing of the petition or the first date set for the meeting of creditors. Subsequent to the sixty-day deadline set forth in Rule 4007(c), the creditor requested an extension of time to file a complaint under Section 523(c). The Eleventh Circuit found that the Bank-

---

**1.** No request for an extension of the deadline was ever filed in this proceeding.

ruptcy Court properly denied the creditor's request. The Court pointed out that the creditor received actual notice of the petition within sufficient time to file his complaint and that the applicable time limitations are sufficiently clear to obligate the creditor to "follow the case and to take the timely action necessary" to preserve his claim.

In *Alton,* the creditor argued that the sixty-day period for filing Section 523(c) complaints applies only if the creditor is given notice by the Court of the deadline for filing such complaints. In addressing that issue, the *Alton* Court discussed 11 U.S.C. Section 523(a)(3)(B), which provides that a debt incurred through fraud or malicious injury to another which is not scheduled in time to permit the creditor to timely file a proof of claim and a request to determine dischargeability will be excepted from discharge unless the creditor was aware of the pending bankruptcy case in time for such timely filing. The Court stated that that subsection requires a creditor who has actual knowledge of a pending bankruptcy case to take the appropriate action to assert its claim or file its complaint in a timely manner, regardless of whether the creditor received any official notice from the Court. The Court further stated that "[a] holding that the language of Rule 4007(c) about notice gives a creditor the right to such official notice before he is under a duty to make inquiries to protect his own rights would conflict with the language of 11 U.S.C. Section 523 ..." 837 F.2d at 460.

In the present case, the Plaintiff was certainly aware of the first date set for the meeting of creditors; due to the plain language of Rule 4007(c), that knowledge necessarily put the Plaintiff on notice of the filing deadline for Section 523(c) complaints. It is clearly Bankruptcy Rule 4007(c), and not the Court, that fixes the time for filing such complaints[2]. The Court thus finds the Defendant's motion to be well-taken.

A contrary result was reached by the Ninth Circuit in *Anwiler v. Patchett (In re: Anwiler),* 22 B.C.D. 1165, 958 F.2d 925 (9th Cir.1992). There, a Chapter 7 case was commenced in one district and a notice of the creditors' meeting which specified the deadline for filing dischargeability complaints was issued by the Clerk. The case was subsequently transferred to another district, whereupon the Clerk for that district issued a notice setting forth a deadline for the filing of Section 523(c) complaints, which deadline was later than that set forth in the first notice. The creditor filed such a complaint subsequent to the deadline set forth in the original notice but prior to the deadline set forth in the second notice. Noting that the complaint was not timely filed, the Court invoked its equitable powers under 11 U.S.C. Section 105(a) to allow the complaint to stand. The Court reasoned that the erroneous deadline set forth in the second notice was the result of a mistake by the Court, which caused confusion on the part of creditors which was not unjustified in light of the particular facts of the case.

Without expressing an opinion as to the Ninth Circuit's holding in *Anwiler,* this Court notes that the facts in that case are significantly different from the facts presently before the Court in that the creditors in *Anwiler* were given a specific, albeit erroneous, date certain for filing their complaints by the Court having jurisdiction of the case following a transfer of the case to that Court. In the present case, the Court never gave creditors a date certain for the filing of complaints[3].

Based upon the foregoing, the Court finds that the Defendant's motion to dismiss this adversary proceeding is due to be granted. A separate Order will be entered.

---

2. *See* Bankruptcy Rule 9006(b)(3), which limits the ability of the Court to extend the deadline for filing Section 523(c) complaints to those particular circumstances set forth in Rule 4007(c).

3. Arguably, notice of the first date set for the meeting of creditors constitutes an indirect notice of the deadline for filing Section 523(c) complaints, in light of Rule 4007(c).