PER CURIAM:
AFFIRMED on the opinion of the district court, attached as an appendix.[1]
APPENDIX
United States District Court
Northern District of Alabama
Durham Ritz, Inc., Plaintiff(s); vs.
Joe H. Williamson, Defendant(s).
No. CV93-P-00026-E
ORDER
For the reasons stated in the accompanying opinion, the decision of the bankruptcy court is AFFIRMED. Costs taxed against appellant.
Dated: August 27, 1993
/s/ Sam C. Pointer, Jr.
Chief Judge Sam C. Pointer, Jr.

OPINION

Durham Ritz, Inc. (“Durham”) appeals an order of the Bankruptcy Court dismissing its Adversary Proceeding to determine dis-chargeability of a debt under 11 U.S.C. Section 523(a)(2)(A). Upon consideration of the record, this court concludes that the decision of the bankruptcy court is due to be affirmed.
STANDARD OP REVIEW
In an appeal of a bankruptcy court decision, the district court sits as an appellate court and thus applies the clearly erroneous standard to the bankruptcy court’s findings of fact but reviews the court’s conclusions of law on a de novo basis. Fed.R.Bankr.Proc. 8013; In re Club Associates, 956 F.2d 1065, 1069 (11th Cir.1992). The district court, sitting as an appellate court, does not make independent factual findings. Id.
PROCEDURAL HISTORY
Joe Williamson filed a voluntary petition for bankruptcy under 11 U.S.C. Chapter 11 *1039 on November 14, 1991. Durham filed an Adversary Proceeding to determine dis-chargeability of a debt under 11 U.S.C. Section 523(a)(2)(A) on March 5, 1992, sixteen days after the sixty day period specified in 11 U.S.C. Section 523(c). Williamson filed a motion to dismiss based on Rule 4007 of the Bankruptcy Rules of Civil Procedure which provides that “[a] complaint to determine the dischargeability of any debt pursuant to Section 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to Section 341(a).” On September 21, 1992 the bankruptcy court dismissed Durham’s' complaint on the basis that it was not timely filed.
ANALYSIS
Although Durham concedes that its Adversary Proceeding was filed after the deadline set forth in 11 U.S.C. Section 523(c), it contends that the decision that its filing was untimely should be overturned. Durham presents four issues on appeal: (1) whether the filing was timely due to an affirmative statement in the initial Bankruptcy Notice that the filing deadline was “to be set;” (2) whether the failure of the clerk to give a thirty day notice of the dischargeability complaint deadline pursuant to Rule 4007 (“[t]he court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002”) stays the sixty day limit; (3) whether this lack of notice is a violation of its fifth amendment right of due process; and (4) whether principles of equity demand that its Complaint be heard on the merits.

1.Affirmative Statement that Deadline was “to be set.”

The fact that the notice stated that the deadline was “to be set” does not relieve Durham of its duty to file within the time period prescribed by Rule 4007. In a similar case, the Fifth Circuit held that the creditor was on notice of the time limit even though the clerk left the space for the deadline to file objections to dischargeability blank and the clerk’s office gave subsequent assurances that no deadline had been set. Neeley v. Murchison, 815 F.2d 345 (5th Cir.1987). This reasoning was adopted by the Eleventh Circuit in In re Alton, 837 F.2d 457, 460 (11th Cir.1988). Durham acted unreasonably in waiting for subsequent notice instead of following the clear requirements of Rule 4007.
2. Lack of Thirty Day Notice from the Clerk
The Eleventh Circuit addressed the thirty day notice provision in In re Alton, 837 F.2d at 459. The court stated “[a] holding that the language of Rule 4007(c) about notice gives a creditor the right to such official notice before he is under a duty to make inquiries to protect his own rights would conflict with the language of 11 U.S.C. Section 523, which makes actual notice sufficient to impose a duty-to-inquire on the creditor.” Id. at 460. The court in Neeley held that “the clerk’s failure to provide notice does not suspend the running of the fixed limitation period.” Neeley, 815 F.2d at 345.
Durham had actual notice of the bankruptcy proceeding. Even though the initial notice said that the filing deadline was “to be set,” Durham was on notice of the proceeding and the requirements of Rule 4007. The sixty day deadline applies regardless of the thirty day notice if the créditor has actual notice of a bankruptcy proceeding and sufficient time to file a dischargeability complaint. This is not a case where the creditor relied on an incorrect date given by the court. This conflict could have been easily avoided by Durham by filing within the sixty day period. Durham could very easily have determined the outside deadline itself. It was unreasonable to rely on future information.
3. Due Process Requirements
This case does not present a due process violation. Durham received actual written notice of the proceeding. This was sufficient to put Durham on notice of the pending action. Alton, at 461 (citing Mullane v. Central Hanover Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950)). Durham does not argue that it was unaware of the pending action, only that it should have received additional notice. The Fifth Amendment does not require such additional notice.
*1040 4. Equity
The equities in this case do not justify the disregard of the time provisions in the Bankruptcy Code. “[T]he time specifications set out in the Bankruptcy Code are sufficiently clear to have placed an obligation on creditor [Durham] to follow the case and to take the timely action necessary to pursue [its] claim.” Id. at 459. The difference between no notice from the clerk and the “to be set” notice in this ease does not justify different treatment. In both cases the creditor was on actual notice of the pending action. Durham could have protected itself by simply filing within the sixty day period set forth in Rule 4007. It was Durham’s inaction and not any action by Morrison or the court that caused the filing to be late. Any harm to Durham could have been avoided by simply following Rule 4007.
CONCLUSION
The bankruptcy court properly dismissed Durham’s Adversary Proceeding as not timely filed. The decision of the bankruptcy court is hereby AFFIRMED.
This the 27th day of August, 1993.
/s/ Sam C. Pointer, Jr.
United States District Judge

. The order of the Bankruptcy Court that was affirmed by the district court, appears at 145 B.R. 329 (Bankr.N.D.Ala. 1992).