MILBURN, Circuit Judge.
In this bankruptcy proceeding, plaintiff J.E. Nicholson, Jr. filed a complaint seeking to have a debt owed to him by defendant Kenneth L. Isaacman declared nondischargeable. The bankruptcy court concluded that plaintiff’s complaint was untimely, despite the fact that it was filed within the date set by the court clerk following a change of venue, 149 B.R. 502. The district court affirmed. On appeal, the issues are (1) whether a bankruptcy court is empowered to exercise its equitable powers to correct its own mistake where a creditor reasonably relies on that mistake, and (2) whether the bankruptcy court in this case abused its discretion in failing to exercise its equitable powers and accept plaintiff’s untimely complaint. For the reasons that follow, we reverse and remand.
I.
A.
Defendant filed a petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Georgia on March 19, 1992. Several days later, the bankruptcy court clerk for that district issued a “Notice of Commencement of Case Under Chapter 7 of the Bankruptcy Code.” J.A. 104. Among other things, the notice provided that a meeting of creditors was scheduled on April 28,1992, and that the deadline to file a complaint to determine the dischargeability of certain types of debts, sometimes referred as the “bar date,” was June 29, 1992. A copy of this notice was mailed to plaintiff, and plaintiff appeared at the creditors meeting on April 28, 1992.
The United States Trustee subsequently filed a motion to transfer venue to the Western District of Tennessee, and a hearing was scheduled on June 12, 1992. There is no evidence that the hearing was conducted. However, by order dated June 1, 1992, a Bankruptcy Judge for the Northern District of Georgia entered a consent order transferring the case to the Bankruptcy Court in the Western District of Tennessee.
Upon receiving the entire case file, the clerk’s office for the United States Bankruptcy Court for the Western District of Tennessee issued a “Notice of Commencement of Case under Chapter 7 of the Bankruptcy Code.” J.A. 119. Among other things, the notice provided that a meeting of creditors was scheduled for July 22,1992, and that the *631 deadline to file a complaint to determine the dischargeability of certain types of debts was September 21, 1992. A copy of the notice was mailed to plaintiff on June 25, 1992, only four days before the bar date (June 29,1992) set by the bankruptcy court for the Northern District of Georgia was to expire. When an attorney for plaintiff inquired by telephone whether a new bar date had been set for filing complaints to determine the discharge-ability of certain types of debts, the attorney was advised by the clerk’s office for the United States Bankruptcy Court for the Western District of Tennessee that a new bar date had been set for September 21, 1992.
B.
Relying on the oral representation of the bankruptcy court clerk’s office,' plaintiff filed a complaint in the United States Bankruptcy Court for the Western District of Tennessee on September 21, 1992, seeking to have a debt owed to him by defendant declared nondischargeable. Without specifying the applicable provisions of the Bankruptcy Code, plaintiff alleged that the debt was obtained by false pretenses, false representations, and actual fraud. Plaintiff also alleged that the amount due and owing totaled $629,-000.
Defendant subsequently filed a motion to dismiss the complaint, contending that the complaint was untimely. According to defendant, the deadline to file a complaint to determine the dischargeability of a debt was June 29, 1992, the date set by the clerk’s office for the United States Bankruptcy Court for the Northern District of Georgia, not September 21, 1992, the date set by the clerk’s office for the United States Bankruptcy Court for the Western District of Tennessee. Defendant also contended that although the bankruptcy court may for cause extend the time fixed for filing the complaint on a motion to enlarge time, no such motion had been filed in this case.
The bankruptcy court granted defendant’s motion to dismiss. It first determined that plaintiffs complaint was filed pursuant to 11 U.S.C. § 528(c)(1), which provides that a debtor receives an automatic discharge from debts obtained by false pretenses, false representations, or actual fraud unless the creditor files a timely complaint to determine dischargeability. The bankruptcy court then deemed plaintiffs complaint untimely because the complaint was filed after the bar date established by the United States Bankruptcy Court for the Northern District of Georgia. Although recognizing that in some instances a bankruptcy court may exercise its equitable power and accept an untimely filed complaint, the bankruptcy court declined to exercise such power in this case because it considered plaintiffs reliance on the September 21, 1992, bar date unreasonable. The district court affirmed, and this timely appeal followed.
II.
In a bankruptcy proceeding, the bankruptcy court is the finder of fact. In re Caldwell, 851 F.2d 852, 857 (6th Cir.1988). On appeal from the judgment of the bankruptcy court, a district court reviews the bankruptcy court’s findings of fact under the clearly erroneous standard but reviews de novo the bankruptcy court’s conclusions of law. In re Zick, 931 F.2d 1124, 1126 (6th Cir.1991). On appeal to this court, we consider the judgment of the bankruptcy court directly, using the same standards of review as the district court. In re Charfoos, 979 F.2d 390, 392 (6th Cir.1992).
A.
Bankruptcy Rule 4007(c) provides that where, as here, a creditor files a complaint to determine the dischargeability of a debt pursuant to 11 U.S.C. § 523(c), the complaint “shall be filed not later than 60 days following the first date set for the meeting of creditors.” Rule 4007(c) further states:
On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.
Rule 9006(b)(3) limits the ability of a court to enlarge the time for taking action under Rule 4007(e) “only to the extent and under the conditions stated in [that] rule[].” Taken *632 together, these bankruptcy rules “prohibit a court from sua sponte extending the time in which to file dischargeability complaints.” In re Themy, 6 F.3d 688, 689 (10th Cir.1993). Thus, because there was no motion filed to extend the bar date set by the United States Bankruptcy Court for the Northern District of Georgia, under the bankruptcy rules, the bankruptcy court was not empowered to extend the bar date established by its clerk’s office.
The inability of a bankruptcy court to sua sponte extend the time in which to file dischargeability complaints, however, does not prevent a bankruptcy court from exercising its equitable powers under 11 U.S.C. § 105(a)[1] in accepting an untimely filed complaint. In a substantially similar case, the Ninth Circuit in In re Anwiler, 958 F.2d 925 (9th Cir.), cert. denied, — U.S. -, 113 S.Ct. 236, 121 L.Ed.2d 171 (1992), stated as much. In that ease, a debtor originally filed a petition under Chapter 7 in the United States Bankruptcy Court for the Central District of California. Shortly thereafter, the clerk’s office issued an order over the name of a bankruptcy judge setting May 23 as the deadline for filing complaints to determine the dischargeability of debts. When the ease was subsequently transferred to the United States Bankruptcy Court for the Southern District of California, however, the clerk of that court issued an order over the clerk’s name setting June 20 as the deadline for filing complaints to determine the discharge-ability of debts. On June 19, the creditors filed their complaint, which, among other things, objected to the dischargeability of certain debts. In response, the debtor filed a motion to dismiss the complaint on the ground that the complaint was untimely.
The bankruptcy court agreed with the debtor and dismissed the complaint. On appeal, the Bankruptcy Appellate Panel reversed and the Ninth Circuit affirmed. The Ninth Circuit first determined that under the bankruptcy rules, the creditors’ complaint was untimely because it was filed after May 23, the deadline set by the transferor court. However, viewing the issuance of the two deadlines as a mistake of the court, the Ninth Circuit concluded that “[t]he equitable power given to courts by 11 U.S.C. § 105(a) would be meaningless if courts were unable to correct their own mistakes.” In re Anwiler, 958 F.2d at 929. Because, among other things, the creditors could have reasonably relied on the second deadline date, June 20, the court held that the bankruptcy court should exercise its equitable powers and permit the complaint to proceed even though it was untimely filed. In In re Themy, 6 F.3d 688, 690 (10th Cir.1993), the Tenth Circuit recently approved of the holding in In re Anwiler.
Under the circumstances of this case, we agree with the Ninth and Tenth Circuits that if the bankruptcy court erroneously sets a second bar date for the filing of complaints to determine the dischargeability of a debt and if a creditor, reasonably relying on that second date, files a complaint before the expiration of the second bar date, the bankruptcy court should exercise its equitable powers and permit the complaint to proceed. To hold otherwise, we believe, would create an unjust result because parties are entitled to rely on information issued by bankruptcy courts. See, e.g., In re Themy, 6 F.3d at 690 (concluding that “when the court’s act affirmatively misleads the creditor as to a deadline, the court bears responsibility for correcting its error”); In re Cortes, 125 B.R. 418, 420 (E.D.Pa.1991) (agreeing with the cases “allowing untimely complaints when the creditor had relied on erroneous information from the clerk’s office”); In re Hershkovitz, 101 B.R. 816, 819 (Bankr.N.D.Ga.1989) (concluding that “where the clerk issues a second ... notice containing a new bar date prior to the expiration of the first bar date and there is no reason for a creditor to question the second notice, this Court’s equitable powers will be used to prevent an *633 injustice”); In re Riso, 57 B.R. 789, 793 (D.N.H.1986) (concluding that a bankruptcy court has the inherent power to correct its own mistakes and if a creditor relied on an erroneous bar date a bankruptcy court should exercise such powers to prevent injustice). But see, e.g., In re Gardner, 55 B.R. 89, 91 & n. 1 (Bankr.D.D.C.1985) (concluding that 60-day deadline could not be extended even though the clerk’s office erroneously stated the bar date; court, however, expresses no comment on whether creditor was justified in relying on erroneous date).
Our conclusion that a bankruptcy court may correct its own mistakes does not contravene the purpose of the bankruptcy rules. As stated by the Ninth Circuit:
Under the prior bankruptcy rules a party requesting an extension of time after the time to file had passed could plead excusable neglect. When the new rules eliminated excusable neglect as a remedy, the parties were put on notice that they must be diligent in pursuing their claims. The intent behind the rules is not circumvented by allowing an untimely complaint to stand when a party relied on a court document sent before the deadline had expired. It would be very harsh indeed to deny equitable relief in cases where the delay in filing is not due to the fault of either party. While it is true that the Creditors could have made a motion to extend time if they were confused about the proper date for filing the complaint, [the debtor] could have also asked the court for clarification.
In re Anwiler, 958 F.2d at 929. The court concluded that on balance the debtor should bear the loss because it is the debtor who has greater incentive to examine and correct the erroneous second bar date.
B.
We now consider whether the United States Bankruptcy Court for the Western District of Tennessee abused its discretion in failing to exercise its equitable powers and accept plaintiffs complaint. Because a second bar date was erroneously set in this case and because plaintiff filed a complaint within the time frame of that deadline, whether the bankruptcy court in this case abused its discretion turns upon whether plaintiff reasonably relied on the second bar date. See In re Themy, 6 F.3d at 690. If plaintiff reasonably relied on that date, then the bankruptcy court abused its discretion in failing to exercise its equitable powers and permit the complaint to proceed. In re Anwiler, 958 F.2d at 929. Whether plaintiff reasonably relied on the second bar date is a question of law, and thus our review of the bankruptcy court’s decision in that respect is de novo. See id.
We conclude that the bankruptcy court and the district court erred in concluding that plaintiffs reliance on the second bar date issued by the clerk’s office of the bankruptcy court was not reasonable. After the case was transferred to the proper venue; namely, the United States Bankruptcy Court for the Western District of Tennessee, plaintiffs counsel was advised by a clerk in the clerk’s office of the bankruptcy court that complaints seeking the determination of whether a debt was dischargeable were due by September 21, 1992. Plaintiffs counsel relied on those representations and filed a complaint in the bankruptcy court on that date, although in hindsight counsel admitted that “we messed up on the side of not filing a motion for a continuance.” J.A. 377. Whatever counsel believes she should have done, however, does not mitigate the fact that the September 21, 1992 date was relied upon by plaintiff as the applicable deadline. Plaintiff acted reasonably in relying on that date because it was communicated by the bankruptcy court clerk’s office of the district which had jurisdiction over the case. In re Anwiler, 958 F.2d at 929.[2]
Defendant argues that it was unreasonable for plaintiff to rely on the statements made by the bankruptcy court clerk regarding the applicable bar date. Defendant suggests that had the conveyance of the deadline been *634 made by the bankruptcy judge himself or had it been issued in a notice signed or stamped by the bankruptcy judge, it arguably would have been reasonable for plaintiff to rely on such a deadline. Defendant argues, however, that because plaintiff merely relied on the statements of a bankruptcy court clerk, such reliance is unreasonable because the statements lacked the indicia of a court order.
It is irrelevant that the second bar date was orally communicated by a clerk of the bankruptcy court rather than by a purported order of the court. In In re Kearney, 105 B.R. 260, 265 (Bankr.E.D.Pa.1989), a case on which the bankruptcy court heavily relied, the court concluded that because the second bar date was communicated by way of a document under the name of the clerk of the bankruptcy court, it was unreasonable for a creditor to rely upon the information of a court clerk when such information contradicted a rule of procedure. We, however, are unwilling to condone such an outright disregard for the statements issued by a clerk’s office. The clerk of the bankruptcy court and those who are under his or her direction are officials of the bankruptcy court itself. See In re Anwiler, 115 B.R. 661, 664 (9th Cir. BAP 1990), aff'd, 958 F.2d 925 (9th Cir.), cert. denied, — U.S. -, 113 S.Ct. 236, 121 L.Ed.2d 171 (1992); see also In re Cortes, 125 B.R. 418, 421 (E.D.Pa.1991). Moreover, the clerk of the bankruptcy court, not the bankruptcy judge, is obligated under the bankruptcy rules to notify creditors of the time fixed for filing a complaint to determine the dischargeability of a debt. See Bankruptcy Rule 2002(f)(5) and Bankruptcy Rule 4007(c). If we were to agree with defendant’s arguments, the effect would be that no individual would be allowed to reasonably rely on the communications of a clerk’s office for the simple reason that those communications were issued by the clerk of the court or those under his or her direction. The court in the Ninth Circuit rejected a similar contention as that raised by defendant, concluding that “reliance on a formal notice issued by a clerk can be considered reasonable.” In re Anwiler, 958 F.2d at 928 n. 6.
Defendant contends, however, that the holding in In re Anwiler rested upon an erroneous premise. Towards the end of its analysis, the court stated:
In this case, the confusion resulted from two courts’ setting two different deadlines. The notices were required by law, and appeared to be valid. The Creditors could have reasonably believed that the 2nd notice was operative since it was issued by the court which had jurisdiction over the case.
Id. at 929 (emphasis added). Noting that the emphasized portion of the court’s statement was without authority, defendant argues that such a statement is an incorrect conclusion of law in light of the fact that “[n]either the Code or the Rules address the setting of a new bar date when a case is transferred from one venue to another.” Brief of Appellee at 8.
Even were defendant correct in that nothing in the Bankruptcy Code or the bankruptcy rules addresses whether a new bar date should be set upon the transfer of a case to the proper venue, and thus that the issuance of a second notice indicating a new bar date is not required by law, we do not agree that the statement relied upon by defendant nullifies the holding in In re Anwiler. According to the court in In re Anwiler, the fact that the notices were purportedly required by law was not the determinative factor in its holding that the creditor was reasonable in relying on the second bar date. Rather, the court in In re Anwiler found that the creditor’s reliance on the second bar date was reasonable because that date “was issued by the court which had jurisdiction over the case.” 958 F.2d at 929.
Defendant’s reliance on In re Lewis, 71 B.R. 633 (Bankr.N.D.Ill.1987); In re Williamson, 145 B.R. 329 (Bankr.N.D.Ala.1992), aff'd, No. CV-93-P-26-S, (N.D.Ala. August 27, 1993), aff'd, 15 F.3d 1037 (11th Cir.1994), and Taylor v. Freeland & Kronz, — U.S. -, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992), does not cast doubt upon our conclusion. In In re Lewis, the bankruptcy court concluded that a creditor could not reasonably rely on a second bar date issued after the case had been transferred. In re Lewis is distinguish *635 able, however, because the time for filing complaints objecting to the dischargeability of certain debts in that case had expired prior to the transfer, whereas in this case the time for filing complaints objecting to the dischargeability of certain debts had not expired at the time the case was transferred. We express no view on the circumstances where the transferee court establishes a second bar date after the first bar date had expired.
In re Williamson is equally unavailing to defendant’s position. In concluding that the creditor’s complaint to determine the dis-chargeability of certain debts was untimely, the court in that case stated that “[i]t is clearly Bankruptcy Rule 4007(e), and not the Court, that fixes the time for filing [Section 528(c)(1)] Complaints.” In re Williamson, 145 B.R. at 331. The facts in that case are distinguishable, however, because in In re Williamson the bankruptcy court never stated a deadline for the filing of complaints, whereas in this case the bankruptcy court in the Western District of Tennessee specifically stated a deadline date.
Defendant’s reliance on Taylor is unpersuasive. Although in Taylor, the Supreme Court remarked that “[deadlines may lead to unwelcome results, but they prompt parties to act and they produce finality,” Taylor, — U.S. at -, 112 S.Ct. at 1648, the Court expressed no opinion as to whether the bankruptcy court could circumvent a strict reading of the bankruptcy rules through its equitable powers. In this case, although we have concluded that plaintiffs complaint was untimely under the bankruptcy rules, we have also concluded that the bankruptcy court is to consider the untimely filed complaint valid under its equitable powers.
Defendant also argues that while in some eases it might be appropriate as a matter of policy to place the burden on the debtor to notify the bankruptcy court of an erroneously issued second bar date, placing the burden on him in this case would not be consistent with that policy because of the time frames in this case. Defendant notes that the bankruptcy court notice scheduling the second bar date of September 21, 1992, was issued on Thursday, June 25, 1992, which was only a few days before the original bar date set by the Northern District of Georgia; namely, Monday, June 29, 1992. According to defendant, given these time frames he “had no time at all to contact the Clerk’s Office to point out its error and conversely the plaintiff had all the time as allowed under the statute to either file his Complaint or file his Motion to Enlarge the Time pursuant to the Bankruptcy Rules.” Brief of Appellee at 10-11.
We believe that defendant’s argument misconstrues the policy behind placing the burden on a debtor to alert a bankruptcy court of an erroneously scheduled second bar date. The scheduling of a bar date is generated solely by the bankruptcy court. Thus, if the bankruptcy court erroneously schedules a second bar date, neither the creditors nor the debtor is to blame. If the second bar date is not recognized, then no parties are prejudiced. But if a creditor reasonably relies upon the second bar date, then both parties are prejudiced through no fault of their own. In such a situation, equity dictates that it is the debtor who must bear the loss between the innocent parties because the debtor has notice of the erroneous date and has greater incentive to examine and correct the notice. In re Anwiler, 958 F.2d at 929; In re Sibley, 71 B.R. 147, 149 (Bankr.D.Mass.1987).
Contrary to defendant’s suggestion, however, the allocation of the loss to the debtor is not dependent upon the amount of time between the notice of the second bar date and the expiration of the first bar date. Rather, so long as the debtor had the opportunity to alert the bankruptcy court of the erroneous second bar date prior to the time the creditor reasonably relied upon and complied with the second bar date, then the policy choice between the innocent parties is applicable. In this case, although defendant was aware of the second bar date, he at no time alerted the bankruptcy court of the error until plaintiff relied upon and complied with the erroneous date. Thus, the controversy in this case was not, as defendant would have it, caused by plaintiffs failure to follow the bankruptcy rules, but rather, was caused by defendant’s failure to alert the *636 bankruptcy court as to the erroneous second bar date.
In sum, we conclude that where a bankruptcy court erroneously sets a second bar date for the filing of complaints to determine the dischargeability of a debt before the first bar date has expired and where a creditor, reasonably relying on that second date, files a complaint before the expiration of the second bar date, the bankruptcy court abuses its discretion if it fails to exercise its equitable powers and permit the complaint to proceed. We further conclude that under the circumstances of this case, plaintiff was reasonable in relying on the second bar date issued, by the clerk’s office of the bankruptcy court for filing the complaint, and both the bankruptcy court and the district court erred in holding otherwise. Accordingly, we conclude that the bankruptcy court in this case abused its discretion in failing to exercise its equitable powers and permit plaintiffs complaint to proceed.
III.
For the foregoing reasons, the judgment of the district court is REVERSED, and the case is REMANDED to the district court. The district court is instructed to REMAND this case to the bankruptcy court for further proceedings consistent with this opinion.

. Section 105(a) provides:
The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

. The bankruptcy court found as a matter of fact that plaintiff relied only on the statements made by the clerk and not upon the written notice issued by the clerk’s office. We do not find that finding clearly erroneous. Thus, we need not address whether plaintiff also relied on the written notice.