**In re: Michael J. GARZONI, Debtor,**

**Michael J. Garzoni, Plaintiff–Appellant,**

**v.**

**K–Mart Corporation, Defendant–Appellee.**

**No. 01–2343.**

United States Court of Appeals,
Sixth Circuit.

May 8, 2002.

Before MERRITT, SUHRHEINRICH, and GILMAN, Circuit Judges.

This is a bankruptcy case. Michael J. Garzoni appeals a district court order af-

firming a bankruptcy court's order denying his motion to dismiss an adversary complaint filed by K–Mart Corporation ("K–Mart") and order denying a motion for reconsideration. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

The background facts relevant to this appeal are adequately set forth in the district court order filed September 17, 2001, and will not be repeated herein. Suffice it to say that on May 26, 2000, Garzoni filed a voluntary petition for Chapter 7 relief, at which two state court actions that K–Mart had filed against Garzoni were stayed. K–Mart filed an adversary complaint to determine dischargeability of $435,000 in damages that K–Mart was awarded in the Oakland County Circuit Court action claiming that Garzoni's debt is not dischargeable under 11 U.S.C. § 523(a)(2)(A) and (B), (4) and (6). K–Mart filed a motion for summary judgment, arguing that Garzoni is collaterally estopped from disputing fraud and breach of fiduciary duty, and thus the debt is nondischargeable. On January 24, 2001, Garzoni filed an answer to the adversary complaint and affirmative defenses, asserting that the Oakland County Circuit Court lacks jurisdiction to adjudicate K–Mart's claims against him.

On February 7, 2001, Garzoni filed a Motion for Order Dismissing State Court Action in the bankruptcy court on the grounds that the Supremacy Clause of the United States Constitution precludes K–Mart from adjudicating its claims in the Oakland County Action. Garzoni also filed an Emergency Motion for Dismissal Pursuant to M.C.R. 2.11(C)(6) in state court on the same grounds. A hearing on Garzoni's motion in the bankruptcy court was scheduled for June 1, 2001.

On May 24, 2001, Garzoni, through counsel representing him pro bono, filed the "Motion to Dismiss the Adversary Complaint" on the grounds that, because there is no judgment against Garzoni in the Oakland County Action, "no debt yet exists" from which to file an adversary complaint. Before K–Mart could respond to the motion, the bankruptcy court denied the motion at the June 1, 2001 hearing. Garzoni filed a Motion for Reconsideration. The bankruptcy court found that Garzoni's brief in support of this motion was identical to the brief filed in support of the motion to dismiss and therefore denied the motion for failing to demonstrate grounds for reconsideration under Local Bankr.R. 9024.1(c). Garzoni appealed the bankruptcy court's order denying his motion to dismiss and order denying his motion for reconsideration to the district court. The district court affirmed the bankruptcy court's orders. An appeal to this court followed.

This court reviews directly a bankruptcy court's decision, not the district court's review of the bankruptcy court's decision. *Trident Assocs. Ltd. P'ship v. Metro. Life Ins. Co. (In re Trident Assocs. Ltd. Partnership),* 52 F.3d 127, 130 (6th Cir.1995). "In a bankruptcy proceeding, the bankruptcy court is the finder of fact." *Nicholson v. Isaacman (In re Isaacman),* 26 F.3d 629, 631 (6th Cir.1994) (citations omitted). Thus, this court gives deference only to the bankruptcy court's findings of fact and not those used by the district court in making its determination. *XL/Datacomp, Inc. v. Wilson (In re Omegas Group, Inc.),* 16 F.3d 1443, 1447 (6th Cir.1994) (citations omitted). This court reviews the bankruptcy court's findings of fact for clear error and its legal conclusions *de novo*. *In re Batie,* 995 F.2d 85, 88 (6th Cir.1993).

A motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(6), made applicable to ad-

versary proceedings pursuant to Fed. R. Bankr.P. 7012(b)(6), should only be granted when the court, upon review of the complaint, is convinced that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Lasich v. Estate of A.N. Wickstrom (In re Wickstrom),* 113 B.R. 339, 342 (Bankr.W.D.Mich.1990) (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

Upon review, we conclude that the bankruptcy court properly denied Garzoni's motion to dismiss. Except for certain kinds of debts listed in the Bankruptcy Code, a discharge under § 727 discharges a debtor from all debts that arose before bankruptcy. *See* 11 U.S.C. § 727(b). A debt is a "liability on a claim." 11 U.S.C. § 101(12). A claim is defined as a "*right to payment, whether or not such right is reduced to judgment,* liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; ...." 11 U.S.C. § 101(5) (emphasis added).

The adversary complaint was filed with the bankruptcy court under Fed. R. Bankr.P. 7001 which states that an adversary complaint may be brought "to determine the dischargeability of a debt." K–Mart's adversary complaint seeks a determination that Garzoni's discharge of debt under § 717 does not apply to his debt owed to K–Mart due to Garzoni's fraudulent actions. The Oakland County Circuit Court has determined that Garzoni is liable to K–Mart in the amount of $435,000, but has reserved entering a final judgment until Garzoni's defenses relating to the release and statute of limitations are resolved. As K–Mart points out, "a 'claim' does not have to be undisputed in order to serve as the basis for a Section 523 dischargeability complaint, such as the Adversary Complaint." K–Mart's brief at p. 36. Thus, Garzoni's argument that, because there has been no final judgment in the Oakland County Action, K–Mart had no right to file an adversary complaint lacks merit. K–Mart has a claim within the meaning of the Bankruptcy Code sufficient to support the filing of an adversary complaint. The bankruptcy court did not err by denying Garzoni's motion to dismiss or the motion for reconsideration.

Accordingly, the district court's order affirming the bankruptcy court's order denying Garzoni's motion to dismiss the adversary complaint filed by K–Mart, and order denying Garzoni's motion for reconsideration, are affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.