ORDER

Debtor Ricky Lee Johnson, appeals a district court order affirming a bankruptcy court’s memorandum opinion and order granting summary judgment for the Medical Center at Bowling Green (“the Medical Center”) in this adversary proceeding in bankruptcy. The parties have expressly waived oral argument, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).
The facts involving this adversary proceeding are not in dispute. On April 19, 2000, a default judgment was entered against Johnson in favor of the Medical Center. Pursuant to this default judgment, an Order of Wage Garnishment was issued on May 8, 2000, against Johnson’s *769 wages. From May 14, 2000, to June 18, 2000, $621.61 was garnished from Johnson’s wages. This garnishment occurred within 180 days of Johnson’s voluntary petition in bankruptcy, but no funds were garnished from Johnson’s wages during the 90-day period immediately prior to his petition. Johnson was insolvent during all relevant times.
Johnson challenged the Medical Center’s garnishment of his wages as an impermissible preference by initiating the adversary proceeding. Thereafter, Johnson filed a motion requesting summary judgment in his favor pursuant to Ky.Rev.Stat. § 378.060 and Ky.Rev.Stat. § 378.070 and an order that all wages garnished during the 180-days prior to the bankruptcy filing be declared preferential transfers. The Medical Center filed a cross motion for summary judgment arguing that the transfer was involuntary and could not have been made by Johnson to prefer one creditor over another. The bankruptcy court agreed with the Medical Center and entered summary judgment in its favor. The district court affirmed the bankruptcy court’s decision. This appeal followed.
Because the facts are undisputed, Johnson challenges only the bankruptcy court’s legal conclusions. This court affords de novo review to a bankruptcy court’s conclusions of law. See Rembert v. AT & T Universal Card Sews., Inc. (In re Rembert), 141 F.3d 277, 280 (6th Cir.1998); Nicholson v. Isaacman (In re Isaacman), 26 F.3d 629, 631 (6th Cir.1994). “De novo review requires the Panel to review questions of law independent of the bankruptcy court’s determination.” First Union Mortgage Carp. v. Eubanks (In re Eu-banks), 219 B.R. 468, 469 (6th Cir.BAP 1998).
Upon review, we conclude that Kentucky statutes and case law support the bankruptcy court’s conclusion that the transfer was not a voluntary one and was not made
by Johnson with the design to prefer one creditor over another. See Ky.Rev.Stat. § 378.060; Perkins v. Petro Supply Co. (In re Rexplore Drilling, Inc.), 971 F.2d 1219, 1223 (6th Cir.1992); Matheson v. Haydon Bldg. Materials (In re Damron Constr. Co.), 218 B.R. 371, 375 (Bankr. W.D.Ky.1997). Because Johnson was insolvent during the garnishment of his wages, the presumption of intent to create a wrongful preference is invoked. However, the presumption is rebutted by the involuntary nature of the garnishment. In re Rexplore, 971 F.2d at 1223. Johnson did not intend that his wages be garnished, much less that they be garnished in favor of the Medical Center and to the exclusion of his other creditors. Because Johnson did not intend that the conveyance take place, there existed in Johnson “no motive or thought of giving an advantage or preference,” so the presumption of intent to prefer is rebutted. In re Rexplore, 971 F.2d at 1223.
Finally, Johnson’s reliance on Morehead v. State Farm Mut. Auto. Ins. Co. (In re Morehead), 249 F.3d 445 (6th Cir.2001), is misplaced for the reasons stated by the district court.
Accordingly, the district court order affirming the bankruptcy court’s memorandum opinion and order granting summary judgment for the Medical Center is affirmed.