**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0857n.06

**No. 11-2106**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| In re: FRANK BARRACCO, | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| FRANK BARRACCO | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| Plaintiff-Appellee, | ) | STATES DISTRICT COURT FOR THE |
| | ) | EASTERN DISTRICT OF MICHIGAN |
| v. | ) | |
| | ) | |
| JP MORGAN CHASE BANK, N.A., | ) | |
| | ) | |
| Defendant-Appellant. | | |

**FILED**

*Aug 07, 2012*

LEONARD GREEN, Clerk

Before: CLAY and SUTTON, Circuit Judges; RICE, District Judge.[*]

SUTTON, Circuit Judge. Frank Barracco, a debtor, and JP Morgan Chase Bank, a would-be creditor, disagree about the meaning of several state court decisions interpreting an arbitration decision related to a defaulted loan. The bankruptcy court adopted the bank's reading of the decisions, but the district court reversed and adopted Barracco's alternative reading. We affirm the district court's decision.

_____

[*]The Honorable Walter H. Rice, United States District Judge for the Southern District of Ohio, sitting by designation.

I.

In December 2007, Chase obtained a default judgment in state court against Barracco for just over $1 million stemming from a loan that his company, Del Vallo Construction, Inc., obtained and that Barracco allegedly guaranteed. At about the same time, Chase foreclosed on nineteen mortgaged properties that secured the loan and bought the properties back at a sheriff's sale for about $480,000. Del Vallo redeemed two of the properties.

Chase sought a deficiency judgment against Del Vallo in state court for the difference between the default judgment and the value of the foreclosed properties. Chase claimed that the value of the seventeen non-redeemed properties was equivalent to their price at the sheriff's sale, but Barracco, in a separate state court action for satisfaction of the judgment, claimed it was much more—enough to pay off the rest of the default judgment. The parties arbitrated the dispute.

The arbitrator found the fair value of the seventeen non-redeemed properties to be about $580,000. He also concluded that "the Defendant, Del Vallo Construction, Inc., is indebted to [Chase] in the amount of $168,846.04, as a deficiency for the amount owed by the Defendant Construction Company to the Plaintiff Bank." R.6-6 at 6. The arbitrator also indicated that "[t]he Award is meant to be against the Defendant, Del Vallo Construction, Inc., only." *Id*. Chase moved to confirm the arbitration award in state court.

Barracco filed for Chapter 7 bankruptcy while the motion to confirm the arbitration award was pending. He listed Chase as his only creditor, and Chase filed a claim for $220,577, which was

more than the amount granted in the arbitration award. Barracco objected. Chase said the parties had asked the arbitrator only to determine the fair value of the property, not to calculate the deficiency or determine who was responsible for paying it. Chase claimed the parties were bound only by the arbitrator's determination of the properties' fair value. As the motion to confirm the arbitration award was still pending in state court, the bankruptcy court sent the parties back to state court to determine the meaning of the arbitrator's award.

The state court held that the parties agreed to submit all of their disputes to arbitration, not just the determination of the fair value of the foreclosed property. The caption of the order included the Del Vallo and Barracco case numbers.

The parties returned to bankruptcy court, only to discover that the arbitrator's award remained unclear. The bankruptcy judge could not tell from the award whether it should be assessed against "the corporation, only" because the arbitrator "didn't perceive that the individual's liability . . . was submitted to him or because he decided there was no such liability." R.6-13 at 3. The parties returned to state court.

Once there, for reasons of their own, the parties did not specifically ask the state court to resolve the new confusion. The state court instead simply entertained Chase's already pending motion to reconsider and reaffirmed its prior conclusion that the arbitrator's award would be enforced "as a judgment of the Court, with no additions or subtractions." R.6-10 at 1. The state

court further explained that, "[s]pecifically, the arbitration award of $168,846.04 to Plaintiff Bank from Defendant Del Vallo, only, remains confirmed." *Id*. at 2.

The parties returned to bankruptcy court for a final hearing in which the bankruptcy judge decided that the arbitrator's award did not dispose of the default judgment against Barracco.

> Well, the matter is certainly not free from all doubt. . . . On balance, however, the Court must conclude that there is nothing explicit in anything in the record of this Court that sets aside the plaintiff's default judgment against this debtor, Mr. Barracco, nor is there anything before the Court which suggests an intent that the default judgment is set aside or should be set aside. In the circumstances, therefore, the Court must conclude that the default judgment stands and that the debtor's objection to the bank's claim, therefore, is overruled. That's my judgment.

R.6-14 at 2.

A few days later, Barracco filed a motion to reconsider with the bankruptcy court and attached a letter from the arbitrator, addressed to counsel for both sides, stating that "my Award was meant to replace the Default Judgment and any prior disposition against Frank Barracco." R.6-11 at 1. The bankruptcy court denied the motion to reconsider.

Barracco appealed to the district court, which reversed the bankruptcy court's decision and held that it must give full faith and credit to the state court's judgment and concluded that the arbitrator's award disposed of all claims between the parties, including the default judgment against Barracco. Chase appealed.

II.

When a district court reviews a bankruptcy court decision, it applies clear-error review to any fact findings and fresh review to any legal conclusions. *In re Isaacman*, 26 F.3d 629, 631 (6th Cir. 1994). "On appeal to this court, we consider the judgment of the bankruptcy court directly, using the same standards of review as the district court." *Id*.

The parties agree that the federal courts must give full faith and credit to state court proceedings, 28 U.S.C. § 1738, a requirement that encompasses traditional preclusion rules, including the prohibition against "relitigat[ing] issues that have been resolved by courts of competent jurisdiction." *San Remo Hotel, L.P. v. City & County of San Francisco*, 545 U.S. 323, 336 (2005). The problem in this case is not the import of this requirement but the meaning of the relevant state court proceedings.

Taken as a whole, we think the state court's decisions show that the arbitration award disposed of all outstanding disputes among the three parties—Barracco, Del Vallo and Chase—and displaced the default judgment against Barracco. *First*, the state court's order referring the case to arbitration stated that it "resolves the last of the issues between the parties and Closes the Case." R.6-5 at 2–3. The court retained jurisdiction only "to enter any decisions or orders to enforce the provisions of the arbitration agreement," not to determine substantive issues in the cases after the arbitrator had done his work. R.6-5 at 1. Chase consented to the order, which the court entered in

the Barracco and Del Vallo actions. All of this disproves the idea that the arbitration award left the default judgment against Barracco in effect.

*Second*, the state court's first decision after arbitration bolsters this conclusion. The court concluded that the arbitration resolved all disputes between the parties, reasoning that Chase did not reserve jurisdiction for the court to determine substantive issues after the arbitrator made his award. "[T]he uncontroverted evidence," the court explained, "indicates that [Chase] voluntarily dismissed the lawsuits and stipulated that the Court retain jurisdiction only to enforce the arbitration agreement." The court then confirmed "the award of $168,846.04 to [Chase] from Defendant Del Vallo, only." R.6-8 at 3. The caption of the state court's decision included the case numbers for the Barracco and Del Vallo actions. Chase's contention that the Barracco default judgment survived arbitration thus contradicts the state court's decision that the parties referred both the Barracco and Del Vallo lawsuits to arbitration and agreed to be bound by the Del Vallo-only award of the arbitrator.

*Third*, when the parties returned to state court for another decision, they got the same result. The state court affirmed the parts of its earlier decision that "analyzed and resolved the substantive issues raised by the parties." R.6-10 at 1. The court reiterated that the arbitrator's award would be enforced "as a judgment of the Court, with no additions or subtractions," and that, "[s]pecifically, the arbitration award of $168,846.04 to [Chase] from Defendant Del Vallo, only, remains confirmed." R.6-10 at 2. The state court thus concluded that the arbitration resolved all of the disputes between the parties, and we are bound by that result.

The arbitration award, we acknowledge, is not free from doubt. Faced only with the four corners of the award, one might conclude that the arbitrator meant to leave open the question of Barracco's individual liability by awarding damages to Chase from "Del Vallo, only." That reading is made more plausible by the arbitrator's statement that he made "no decision or opinion regarding the source of the funds from which a collection could occur, nor whether a collection can occur from Margherita Barracco, as the parties . . . have agreed that these issues will not be considered by the Arbitrator." R.6-6 at 6. But that is not all we have. The state court has entered two decisions interpreting that award, and they show that the arbitration disposed of *all* disputes between the parties. Two lawsuits entered the arbitration: one between Chase and Barracco and one between Chase and Del Vallo. Just one liability emerged from the arbitration: the one against Del Vallo. Because the state court determined that arbitration resolved all disputes, we must give full faith and credit—respect, in other words—to that decision.

It may be that, as the arbitrator noted, Chase can collect its judgment against Del Vallo from some other party, maybe even Barracco himself. But Chase will need to argue that point before the bankruptcy court. Chase may not collect against Barracco based on the default judgment it obtained in state court, as that judgment did not survive arbitration.

III.

For these reasons, we affirm the district court's reversal of the bankruptcy court, and remand the case for further proceedings.