**In re John Carl GOODWIN, and Vicki Goodwin, Debtors.**

**John Carl GOODWIN and Vicki Goodwin, Plaintiffs,**

**v.**

**UNITED STATES FIDELITY AND GUARANTY INSURANCE COMPANY, Defendant.**

**Bankruptcy No. 93–29754–L. Adversary No. 97–0632.**

United States Bankruptcy Court, W.D. Tennessee, Western Division.

Dec. 17, 1997.

W. Clark Washington, Memphis, TN, for Plaintiffs.

Steven S. Heinrich, Memphis, TN, for Defendant.

P. Preston Wilson, Memphis, TN, Chapter 7 Trustee.

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

JENNIE D. LATTA, Bankruptcy Judge.

Before the court is the debtors-plaintiffs' motion for summary judgment as to the defendant United States Fidelity and Guaranty Insurance Company (hereinafter "USF & G"). The debtors assert that defendant USF & G's claim was discharged since no complaint to determine dischargeability was timely filed pursuant to *Federal Rule of Bankruptcy Procedure 4007(c)*. USF & G asserts that the issue of timeliness was cured by this Court's order reopening the debtors' closed bankruptcy case in order to permit the debtors to file a complaint to determine the dischargeability of USF & G's claim. For the reasons set forth below, the debtors' motion for summary judgment will be granted. The following constitutes the court's findings of fact and conclusions of law pursuant to FED.R.BANKR.P. 9024. This is a core proceeding. 28 U.S.C. § 157(b)(2)(I).

### I. FACTS

The following background facts are undisputed. The debtors filed a voluntary Chapter 7 bankruptcy petition with this court on September 17, 1993. On "Schedule A—Real Property," the debtors listed the real property municipally known as 1070 Snowden Farm Road, Shelby County, Tennessee, and on "Schedule D—Creditors Holding Secured Claims" the debtors listed Great Western Bank as a creditor holding a claim in the amount of $198,000 secured by a first mortgage on the Snowden Farm Road property.

The debtors' "Statement of Financial Affairs" disclosed that they were plaintiffs in a cause of action filed in the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis, cause number 52027-1 T.D (the "Circuit Court Litigation"). The defendant in that cause was USF & G, which provided a policy of homeowners insurance to the debtors. USF & G was not listed specifically as a creditor, however. In the Circuit Court Litigation, the debtors claimed damages against USF & G as the result of a fire which damaged the Snowden Farm Road property on July 22, 1992. An attorney was appointed for the Chapter 7 trustee to investigate and prosecute the fire loss claim against USF & G. An order was entered January 10, 1994, in the bankruptcy court lifting the automatic stay to permit the Circuit Court Litigation to proceed.

December 12, 1993, was fixed as the deadline for filing complaints to determine the dischargeability of 11 U.S.C. § 523(c) debts. USF & G did not file a complaint or motion

for extension of time to file a complaint prior to that deadline. On February 22, 1994, a "Discharge of Debtor" was entered by this court.

On October 7, 1993, David J. Harris, attorney, wrote to Preston Wilson, the debtors' Chapter 7 trustee (the "Trustee"), indicating that he represented "Great Western Bank, which is the holder of a first mortgage deed of trust on the property located at 1070 Snowden Farms, Collierville, Tennessee." The letter stated that Great Western had received $108,308.18 as loss payee from USF & G as the result of the fire that occurred on July 22, 1992. A copy of the letter was sent to W. Clark Washington, attorney for the debtors. The letter did not state, however, that Great Western had executed an Assignment in favor of USF & G on September 10, 1993, one week before the debtors' voluntary petition was filed. Pursuant to the Assignment, Great Western assigned "any claim which Great Western Bank, FSB, may have against John Carl Goodwin and wife Vicki Li Goodwin arising from the above stated loss to the extent that such loss was covered and paid by USF & G Insurance, Fidelity and Guaranty Insurance Company...."

Great Western filed a proof of claim in the amount of $198,719.75 against the debtors' bankruptcy estate on October 12, 1993. USF & G never filed a proof of claim.

On March 8, 1994, USF & G filed a counterclaim against the debtors in the Circuit Court Litigation alleging that the fire that resulted in damage to the Snowden Farm Road property had been deliberately set by the debtors; that USF & G had paid to Great Western, the mortgage holder, the sum of $108,308.18; and that USF & G had become subrogated to the rights of Great Western and was entitled to be reimbursed the amount paid to Great Western.

On March 16, 1994, a Joint Motion to Authorize Abandonment and Approve Settlement, was filed in the bankruptcy case by the Trustee and Great Western. The motion alleged that whether the debtors would prevail in their lawsuit against USF & G, whether there was equity in the Snowden Farm Road property, and whether a deficiency would result in the event of a foreclosure by Great Western were highly speculative, and that as a result, the Trustee and Great Western desired to enter into an agreement to settle all of the disputes between them. A copy of the Assignment was attached to the motion. This was the first notice that the debtors had of the Assignment. The debtors filed an objection to the proposed settlement alleging that the proposed settlement was not in the best interest of the debtors, creditors or the estate. Following an evidentiary hearing, Bankruptcy Judge Bernice B. Donald entered her order providing the following:

1. That the Trustee should be, and hereby is, authorized and directed to abandon 1070 Snowden Farm, the property located in Collierville, Tennessee.

2. That Great Western is permitted to exercise all rights pursuant to its deed of trust concerning the property located at 1070 Snowden Farms, Collierville, Tennessee.

3. That the settlement between the Trustee and Great Western should be, and hereby is, approved, specifically including:

   (a) The waiver by Great Western of any claim against this estate, including but not limited to any deficiency claim against the estate with respect to any foreclosure of 1070 Snowden Farm, and any claim against any recovery by the estate or the debtors obtained in the lawsuit filed by the debtors against their insurer, USF & G Insurance Company, pending in the Circuit Court of Shelby County, Tennessee, Case No. 52027–1; PROVIDED, however, nothing contained herein shall affect the rights of the parties in the Circuit Court lawsuit; and

   (b) The release by the Trustee and the estate of all claims against Great Western including the cost of the unreimbursed materials and supplies purchased by the debtors before the petition was filed.

On December 21, 1995, the Circuit Court entered judgment against the debtors and for USF & G on its counterclaim in the

amount of $108,308.18. On December 17, 1996, USF & G filed a Motion to Reopen the debtors' Chapter 7 case, claiming that it was an unlisted creditor and that the judgment awarded to it on its counterclaim was not dischargeable pursuant to 11 U.S.C. § 523. The debtors filed a response to the motion of USF & G asserting that USF & G was aware of the filing of the debtors' petition and denying that the claim of USF & G was not dischargeable.

On March 17, 1997, Bankruptcy Judge William Houston Brown entered his order reopening this case "for the purpose of allowing the Debtors to file an adversary complaint against USF & G to determine the dischargeability of USF & G's claimed debt."

The debtor's complaint was filed June 13, 1997, alleging that "any claim, or potential claim, of USF & G was previously waived and/or extinguished." USF & G filed its answer July 18, 1997, denying that its claim had been waived and/or extinguished, and requesting that the complaint be denied and it be permitted to proceed against the debtors for their "outstanding and non-discharged obligations."

The debtors' motion for summary judgment was filed October 1, 1997. USF & G filed a "Memorandum in Opposition to Plaintiffs' Motion for Summary Judgment" on October 22, 1997, in which, for the first time, USF & G specifically asserted that its claim against the debtors is not dischargeable under 11 U.S.C. §§ 523(a)(2)(A) [1] and 523(a)(6).[2] This court heard oral argument on the motion on October 29, 1997, at which counsel for USF & G candidly admitted that USF & G had at all times been aware of the pendency of the bankruptcy case of the plaintiffs. The court requested supplemental memorandums from the parties which were timely filed.

---

**1.** Section 523. Exceptions to discharge

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(2) for money, property services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respect-

## II. ISSUES PRESENTED

USF & G asserts that the following facts are disputed which are material to the outcome of this proceeding:

1. Whether the rights of USF & G were waived in the Court's "Order Granting Joint Motion to Authorize Abandonment and Approve Settlement."

2. Whether the Court's Order of Discharge on February 22, 1994, operated to discharge the Circuit Court judgment against the debtors.

3. Whether the debtors committed actual fraud, which as a legal matter, would except USF & G's judgment against the debtors from the Court's Order of Discharge.

4. Whether the debtors committed a willful and malicious injury under § 523(a)(6).

5. Whether USF & G's failure to timely file a complaint to determine the dischargeability of its debt was cured by the Court's "Order Reopening the Case."

6. Whether USF & G's proof of claim, attached as Exhibit A to "Defendants' Supplemental Memorandum" should be deemed to be an amendment of the proof of claim filed by Great Western.

## III. ANALYSIS

### A. Standard for Granting Summary Judgment.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). "In de-

---

ing the debtor's or an insider's financial condition.

**2.** Section 523. Exceptions to discharge

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

termining whether the non-moving party has raised a genuine issue of material fact, '[t]he evidence of [the non-moving party] is to be believed, and all justifiable inferences are to be drawn in [his] favor.'" *PSI Repair Servs., Inc. v. Honeywell, Inc.*, 104 F.3d 811, 814 (6th Cir.1997) (quoting *Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451, 456, 112 S.Ct. 2072, 2076, 119 L.Ed.2d 265 (1992)).

### B. Whether USF & G's Failure to Timely File a Complaint to Determine the Dischargeability of Its Debt was Cured by the Court's Order Reopening the Case.

In its Supplemental Memorandum, USF & G asserts that although it did not formally file a complaint to determine the dischargeability of its debt, the court ordered that the case be reopened for that purpose. USF & G argues that the debtors did not object to USF & G's motion to reopen as untimely, and thus that it should be permitted to raise its Section 523(a)(2)(A) and 523(a)(6) allegations for the first time in its answer to the debtors' complaint. USF & G misapprehends the meaning of the court's order reopening the bankruptcy case.

■ The majority of courts that have considered the issue have determined that the time limit for filing a complaint to determine the dischargeability of those debts specified at 11 U.S.C. § 523(c) is jurisdictional. *See, e.g., First Deposit National Guaranty Bank v. Glover (In re Glover)*, 212 B.R. 860, 862 (Bkrtcy.S.D.Ohio 1997); *Toth v. Ham (In re Ham)*, 174 B.R. 104, 106–07 (Bankr.S.D.Ill. 1994). The court agrees with the majority based upon the plain meaning of *Federal Rule of Bankruptcy Procedure 4007(c)*. Complaints pursuant to Section 523(c) must be filed within sixty days following the date first set for the meeting of creditors. FED. R.BANKR.P. 4007(c). Extension of that time period may only be granted for cause upon a motion filed before the time has expired. FED.R.BANKR.P. 4007(c). The time periods provided under Rule 4007(c) are among those that may be enlarged by the court only to the extent and under the conditions stated in the rule. FED.R.BANKR.P. 9006(b)(3).

■ The court's prior order reopening the case is similar to an order permitting an action to quiet title to real property. Despite the entry of the Order of Discharge, the debtors were aware of a claim being asserted against them by USF & G. The debtors sought to reopen the case in order to obtain a declaration that USF & G's claim was discharged. This is all that the court's prior order permitted. USF & G did not timely file a complaint to determine the dischargeability of its claim and did not timely file a motion to enlarge the time for filing such a complaint. Even had USF & G asked for an extension of time to file a complaint in its motion to reopen the bankruptcy case, which it did not, the court was without authority to grant an extension based upon an untimely motion.

■ USF & G's argument that Judge Donald's order preserved its claim against the debtors also must fail. That order provided in pertinent part, "nothing contained herein shall affect the rights of the parties in the Circuit Court lawsuit." That order was entered May 12, 1994. The court has concluded that USF & G's claim was discharged on February 22, 1994, as the result of USF & G's failure to timely file a complaint to determine dischargeability. Judge Donald's order was not intended to and could not have resurrected USF & G's discharged claim. Again, the court concludes that the deadline for filing Section 523(c) complaints is jurisdictional.

There are no material facts in dispute with respect to USF & G's failure to file a complaint to determine the dischargeability of its claim. The debtors are entitled to summary judgment with respect to the issue of the discharge of USF & G's claim pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6).

### C. Is USF & G's Claim Excepted from Discharge Pursuant to Section 523(a)(3)?

Although not specifically raised by USF & G in its responses to the motion for summary judgment, the court will briefly consider whether USF & G's claim is excepted from discharge pursuant to 11 U.S.C. § 523(a)(3). That section relates to claims not listed or scheduled by the debtor. USF & G's claim

was not listed by the debtors in their schedules, although USF & G was named in the debtors' Statement of Financial Affairs. Section 523(a)(3) provides that unlisted claims will not be discharged "unless such creditor had notice or actual knowledge of the case" in time to permit the timely filing of a proof of claim and, if the debt is of a kind specified in Section 523(a)(2), (4) or (6), timely request for a determination of dischargeability. 11 U.S.C. § 523(a)(3)(B).

■■■ Counsel for USF & G candidly admitted to the court that USF & G had actual knowledge of the debtors' bankruptcy case from its inception. Thus the claim of USF & G is not excepted from discharge pursuant to Section 523(a)(3). Where creditors have actual, timely notice of the filing of a bankruptcy petition, they will be held to the bar date for filing a dischargeability complaint. *GAC Enterprises, Inc. v. Medaglia (In re Medaglia)*, 52 F.3d 451, 455 (2nd Cir.1995).

### D. Whether USF & G Raises Any Other Material Factual Issues with Respect to Its Claim Against the Debtors.

The court has decided that the claim of USF & G was discharged on February 22, 1994, as the result of USF & G's failure to timely file a complaint to determine the dischargeability of its debt. Thus, issues 1 (whether USF & G's rights were waived) and 2 (whether the Order of Discharge operated to discharge the Circuit Court judgment against the debtors) raised by USF & G are answered in the affirmative, and issue 5 (whether USF & G's failure to timely file its complaint was cured by the "Order Reopening Case") is answered in the negative.

Issues 3 (whether the debtors committed actual fraud) and 4 (whether the debtors committed a willful and malicious injury) ceased to be material when USF & G failed to timely fail its complaint to determine dischargeability. Those issues would be material only were the court able to consider the substance of USF & G's claim. Because the claim has been discharged, those issues are no longer material or relevant to the court's consideration. Put another way, considering the evidence in the light most favorable to the defendant, *i.e.*, that it would be able to

establish actual fraud or willful and malicious injury at trial, the plaintiffs are nevertheless entitled to entry of a judgment in their favor.

### E. USF & G's Asserted Claim Against the Estate.

In response to questions posed by the Court at oral argument, USF & G raised for the first time in its Supplemental Memorandum the question of whether its proposed proof of claim, attached as Exhibit A to its Supplemental Memorandum, should be permitted to be filed and deemed to be an amendment to the proof of claim filed by Great Western. This issue is not relevant to the court's consideration of the motion filed by the debtors. Even if the proposed proof of claim were permitted to be filed and to relate back to the claim of Great Western, the result could only be the establishment of a claim by USF & G against the debtors' bankruptcy estate. The debtors' bankruptcy estate has been fully administered. The Trustee made a report of no distribution and a Final Decree was entered February 21, 1996. The case was reopened for the limited purpose of permitting the debtors to file a complaint to determine the dischargeability of USF & G's claim. USF & G has not named the Trustee as a third-party defendant in this action. The Trustee's report of no distribution tends to indicate that doing so would be pointless. There were no assets available for distribution to creditors from this estate, so even if USF & G could establish its claim against the estate, it would receive nothing. More importantly, as noted previously, determination of that issue is not material to the outcome of the debtors' motion for summary judgment.

### IV. CONCLUSION AND ORDER

The claim of USF & G was discharged on February 22, 1994, as a result of USF & G's failure to timely file a complaint to determine the dischargeability of its claim. The remainder of the issues raised by USF & G are not material or relevant to the debtors' motion. The debtors are entitled to judgment as a matter of law.

Accordingly, it is **ORDERED** that the motion of the plaintiffs, JOHN CARL GOOD-

WIN and VICKI GOODWIN, for summary judgment against the defendant, UNITED STATES FIDELITY AND GUARANTY INSURANCE COMPANY is **GRANTED**. Judgment shall be entered in favor of the plaintiffs. The claim of the defendant is declared to have been discharged. The defendant shall receive nothing.