**In re David A. LUFKIN a/k/a David A. Lufkin, Attorney, Debtor.**

No. 00–32361.

United States Bankruptcy Court, E.D. Tennessee.

Dec. 19, 2000.

McGehee, Newton & Wykoff, P.C., John P. Newton, Jr. Cynthia T. Lawson, Knoxville, TN, for the Debtor.

Hunton & Williams, John A. Lucas, James S. Chase, Knoxville, TN, for General Revenue Corporation, Inc.

Little & Milligan, P.L.L.C., F. Scott Milligan, Knoxville, TN, for William T. Hendon, Trustee.

## MEMORANDUM ON MOTION FOR EXTENSION OF TIME

RICHARD S. STAIR, Jr., Bankruptcy Judge.

Before the court is General Revenue Corporation, Inc.'s (GRC) Motion for Extension of Time (Motion) filed on November 28, 2000. By its Motion, GRC asks the court to use its equitable powers to extend the November 20, 2000 bar date fixed pursuant to Rule 4007(c)[1] of the Federal Rules of Bankruptcy Procedure for filing a complaint to determine the dischargeability of its debt under 11 U.S.C.A. § 523(c)(1) (West Supp.2000).[2] Along with its Motion, GRC filed a Memorandum in Support of Motion for Extension of Time and a Declaration of David Stocker in Support of Motion for Extension of Time (Declaration).[3] The Debtor filed a Response to Motion to Extend Time for Filing Objections to the

---

1. GRC inadvertently recites in its Motion that it is proceeding "[p]ursuant to Bankruptcy Rule 4004." Rule 4004 governs the time for filing objections to discharge under 11 U.S.C.A. § 727(a) (West 1993).

2. Section 523(c)(1) provides in material part: [T]he debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), (6), or (15) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), (6), or (15), as the case may be, of subsection (a) of this section. 11 U.S.C.A. § 523(c)(1).

3. A facsimile copy of Mr. Stocker's Declaration accompanied GRC's brief. The original Declaration was filed on December 5, 2000.

Debtor's Discharge on December 13, 2000, together with a supporting Memorandum in Support of Debtor's Opposition for Extension of Time for General Revenue Corporation. The court heard oral argument on December 14, 2000.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(I) (West 1993).

## I

This case was commenced by the filing of an Involuntary Petition against the Debtor under Chapter 7 on June 14, 2000. The Order for Relief was entered by default on July 13, 2000. The date set for the meeting of creditors required by 11 U.S.C.A. § 341(a) (West 1993) was September 19, 2000.[4] The deadline for filing complaints to determine the dischargeability of debts under § 523(c)(1) was November 20, 2000. GRC's Motion was filed eight days after this deadline on November 28, 2000.[5] GRC asserts that its late filing was due to a miscommunication between its in-house attorneys, caused by a change in GRC's server and internal e-mail system. Specifically, in his Declaration, David Stocker, GRC's Assistant General Counsel, states in material part:

3. I am employed by General Revenue Corporation, Inc. ("GRC") as its assistant general counsel.

4. Kevin Dreyer also is an attorney employed by GRC as in-house counsel.

5. On November 16, 2000—four days before the November 20, 2000 deadline for filing complaints under 11 U.S.C. § 523—I was out of town on business and asked my assistant, Dena Walts, to ask Mr. Dreyer to inform Hunton & Williams, GRC's counsel, that it should file a motion for an extension of time in which to file a § 523 complaint by November 20, 2000.

6. Ms. Walts delivered the message to Mr. Dreyer via e-mail. However, unbeknownst to Ms. Walts, GRC's server and internal e-mail system had been changed, which assigned Mr. Dreyer a new e-mail address. Ms. Walts was not then aware of this upgrade which assigned Mr. Dreyer a different e-mail address.

7. Thus, Mr. Dreyer did not receive the message to ask Hunton & Williams to timely file a motion for an extension of time.

8. Upon returning to the office, I contacted Maya M. Eckstein, an attorney at Hunton & Williams, on Monday, November 27, 2000, after learning that Mr. Dreyer had not received the e-mail and, thus, had not asked Hunton & Williams to file a motion for an extension of time.

9. GRC's failure to timely file a motion for an extension of time in which to file a § 523 complaint was not intentional, but was inadvertent. GRC fully intended to timely file the motion. The change in the server and e-mail system prevented GRC from doing so.

## II

Bankruptcy Rule 4007(c), which governs the extension of time for filing a § 523(c)(1) dischargeability complaint, provides:

A complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002. On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The mo-

---

**4.** This meeting was continued to October 4, 2000, due to the Debtor's failure to appear. The meeting has been rescheduled three times since then and is currently set for January 9, 2001.

**5.** GRC is a scheduled creditor and does not dispute that it had actual notice of the filing deadline.

tion shall be filed before the time has expired.

FEDERAL R. BANKR. P. 4007(c); *see also Peerless Ins. Co. v. Miller (In re Miller)*, 228 B.R. 399, 401 (6th Cir. BAP 1999) ("Rule 4007(c) is unambiguous. A complaint to determine dischargeability under § 523(c) must be filed not later than 60 days following the *first date set* for the meeting of creditors.").

The deadline set forth in Rule 4007(c) is reinforced by Rule 9006(b)(3), which directs in material part that "[t]he court may enlarge the time for taking action under Rule[ ] . . . 4007(c) . . . only to the extent and under the conditions stated in [that] rule[ ]." FED. R. BANKR. P. 9006(b)(3); *see also Federal Deposit Ins. Corp. v. Kirsch (In re Kirsch)*, 65 B.R. 297, 300 (Bankr.N.D.Ill.1986) ("The deadline fixed by Rule 4007(c) is set in stone by Rule 9006(b)(3). The latter rule makes it clear that the Rule 4007(c) time can only be extended by motion filed before the Rule 4007(c) time expires.").

Courts are split on the issue of whether Rule 4007(c) sets a jurisdictional requirement. *See European Am. Bank v. Benedict (In re Benedict)*, 90 F.3d 50, 53–54 (2d Cir.1996) (collecting cases); *Goodwin v. United States Fidelity & Guar. Ins. Co. (In re Goodwin)*, 215 B.R. 710, 714 (Bankr. W.D.Tenn.1997). If Rule 4007(c) is jurisdictional, courts are precluded from applying theories of waiver, estoppel, excusable neglect, or equitable tolling to issues that arise under that rule. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982).

A minority of courts hold that the time limit is not jurisdictional, but rather a statutory filing deadline subject to defenses of waiver, estoppel, and equitable tolling.

*See, e.g., Benedict,* 90 F.3d at 54. In *Benedict,* the Second Circuit noted that courts in the majority cite Rule 9006(b)(3) in support of the proposition that Rule 4007(c) creates a jurisdictional requirement. *See id.* at 53–54. Passing over the plain, mandatory language of Rules 4007(c) and 9006(b)(3), however, the *Benedict* court adopted the minority position, stating that "[t]here is nothing in the Bankruptcy Code that persuades us to hold that Rule 4007(c) is any different from a statutory provision that imposes a filing deadline." *Id.* at 54.

The majority of courts, however, treat the time limit of Rule 4007(c) as a jurisdictional requirement. *See Goodwin,* 215 B.R. at 714. This position is supported by the plain language of Rule 4007(c), which states that a party may seek an extension by filing a motion "before the time has expired." FED. R. BANKR. P. 4007(c). By the terms of that Rule, the only appropriate method for obtaining an extension is by filing a timely motion. *See Goodwin,* 215 B.R. at 714. "Bankruptcy Rule 9006(b)(3) precludes any extension of the Rule 4007(c) time after expiration on the grounds of excusable neglect or reliance." *Kirsch,* 65 B.R. at 300 (footnote omitted).

In *Rogers v. Laurain (In re Laurain)*, 113 F.3d 595 (6th Cir.1997), the Sixth Circuit considered whether FED. R. BANKR. P. 4003(b), which governs the filing of objections to claimed exemptions, is jurisdictional.[6] As with Rule 4007(c), Rule 9006(b)(3) allows the enlargement of "time for taking action under Rule[ ] . . . 4003(b) . . . only to the extent and under the conditions stated in [that] rule[ ]." FED. R. BANKR. P. 9006(b)(3). In *Laurain,* the Sixth Circuit stressed that "[s]tatutes, regulations, and rules of the court must be read in a 'straightforward' and 'commonsense' manner." *Laurain,* 113 F.3d at 597

---

**6.** Rule 4003(b) provides:

The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) or the filing of any amendment to the list or supplemental schedules

unless, within such period, further time is granted by the court. Copies of the objections shall be delivered or mailed to the trustee and to the person filing the list and the attorney for such person.

FED. R. BANKR. P. 4003(b).

(citing and quoting *Bartlik v. United States Dep't of Labor*, 62 F.3d 163, 165–66 (6th Cir.1995) (en banc)). The court continued by noting that when the plain and unambiguous meaning of a rule is discernable, "our task is at an end." *Laurain*, 113 F.3d at 597 (citing *Bartlik*, 62 F.3d at 166). In view of the plain terms of Rules 4003(b) and 9006(b)(3), the Sixth Circuit then concluded that "Rule 4003(b) should be viewed as jurisdictional." *Laurain*, 113 F.3d at 597. This analysis and conclusion apply equally to Rule 4007(c). *See First Deposit Nat'l Bank v. Glover (In re Glover)*, 212 B.R. 860, 863 (Bankr.S.D.Ohio 1997) (explaining that Rules 4003(b) and 4007(c) are analogous for purposes of analyzing whether the rules are jurisdictional).

■ This court agrees with the majority line of authority in holding that Rule 4007(c) establishes a jurisdictional requirement. This view carries out the plain meaning of Rule 4007(c) and gives effect to the clear limitation of Rule 9006(b)(3).

### III

■ GRC also cites *Nicholson v. Isaacman (In re Isaacman)*, 26 F.3d 629 (6th Cir.1994) for the proposition that a court may use its equitable powers under 11 U.S.C.A. § 105(a) (West 1993) to extend a filing deadline.[7] In *Isaacman*, the plaintiff creditor filed its § 523(c) complaint in accordance with a bar date erroneously set by the bankruptcy court clerk's office. *See Isaacman*, 26 F.3d at 630–31. Nonetheless, because the filing occurred after the correct bar date, the bankruptcy court dismissed the complaint as untimely. *See id.* at 631.

The Sixth Circuit reversed. Expressly limiting its holding to the singular facts of the case, the court held that

if the bankruptcy court erroneously sets a second bar date for the filing of complaints to determine the dischargeability of a debt and if a creditor, reasonably relying on that second date, files a complaint before the expiration of the second bar date, the bankruptcy court should exercise its equitable powers and permit the complaint to proceed. To hold otherwise, we believe, would create an unjust result because parties are entitled to rely on information issued by bankruptcy courts.

*Id.* at 632.

Unlike *Isaacman*, no court error occurred in the present case. As noted, the *Isaacman* holding was expressly limited to its exceptional facts. *See id; accord Peerless Ins. Co. v. Miller (In re Miller)*, 228 B.R. 399, 402 (6th Cir. BAP 1999) (explaining that *Isaacman* involved court error rather than a creditor's failure to meet a "plainly stated" filing deadline). Additionally, the court believes that the Sixth Circuit's holding in *Laurain*, which post-dates *Isaacman*, compels the outcome of the present matter, notwithstanding that *Laurain* involved Rule 4003(b).

■ This court declines to extend *Isaacman* to the facts of this case. Courts should not employ § 105 as a tool to broadly legislate new remedies into the Bankruptcy Code. *See Kelvin v. Avon Printing Co., Inc. (In re Kelvin Publ'g, Inc.)*, No. 94–1999, 1995 WL 734481, at *4 (6th Cir. Dec. 11, 1995). GRC's failure to meet the Rule 4007(c) deadline is due not to misleading information provided by the court but rather to error by GRC, however unintentional. "Deadlines may lead to unwelcome results, but they prompt parties to act and they produce finality." *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112

---

7. Section 105(a) of the Bankruptcy Code provides:

The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C.A. § 105(a).

S.Ct. 1644, 1648, 118 L.Ed.2d 280 (1992). GRC's Motion must be denied. An appropriate order will be entered.