ELECTRONIC CITATION:  2001 FED App. 0013P (6th Cir.)
File Name:  01b0013p.06

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| IN RE: SWALLEN'S, INC., | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| STATE OF OHIO DEPARTMENT OF TAXATION  and OHIO BUREAU OF WORKERS COMPENSATION, | ) | |
| Appellants, | ) | |
| v. | ) | NOS. 01-8036/8037 |
| SWALLEN'S, INC., | ) | |
| Appellee. | ) | |
| _____ | ) | |

Appeal from the United States Bankruptcy Court
for the Southern District of Ohio, Western Division at Cincinnati.
No. 95-14476.

Submitted: October 22, 2001.

Decided and Filed:  November 19, 2001

Before: BROWN, COOK, and MORGENSTERN-CLARREN,
Bankruptcy Appellate Panel Judges.
_____

**COUNSEL**

**ON BRIEF:**  Thomas J. Straus, ASSISTANT ATTORNEY GENERAL, Cincinnati, Ohio, Susan K. Cliffel, ASSISTANT ATTORNEY GENERAL, Columbus, Ohio, William P. Coley II, LAW OFFICE OF WILLIAM COLEY II, Cincinnati, Ohio, for Appellants. Thomas W. Coffey, Reuel D. Ash, CORS & BASSETT, LLC, Cincinnati, Ohio, for Appellee.

_____

**OPINION**

_____


JOHN C. COOK, Bankruptcy Appellate Panel Judge. The Ohio Department of Taxation and the Ohio Bureau of Workers Compensation bring this appeal from a decision of the bankruptcy court granting a motion by the Debtor, Swallen's, Inc., to distribute the funds remaining in its possession according to the distribution schedule in 11 U.S.C. § 507 and to dismiss its voluntary Chapter 11 case. For the reasons that follow, we **reverse** the decision and **remand** the case to the bankruptcy court for further proceedings.


## I. ISSUES ON APPEAL

The principal issues in this case are (1) whether the bankruptcy court had the authority, over the objections of creditors, to order distribution of the assets of the estate according to 11 U.S.C. § 507 in order to terminate a Chapter 11 case in which no disclosure statement was approved and no plan was ever filed, (2) whether the appeal is moot because some distribution pursuant to the court's order has already occurred, and (3) whether adequate notice of a pending motion to dismiss the case was given to the creditors under Fed. R. Bankr. P. 2002(a).


## II. JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. We have jurisdiction because a "final order" of the bankruptcy court may be appealed by right under 28 U.S.C. § 158(a)(1) and because the United States District Court for the Southern District of Ohio has authorized appeals to the BAP. The issues on appeal in this case present questions of law which this court reviews de novo. *Booher Enters. v. Eastown Auto Co. (In re Eastown Auto Co.),* 215 B.R. 960, 963-64 (B.A.P. 6th Cir. 1998).


2

## III.  FACTS

The pertinent facts in this case are procedural and are not disputed.  Swallen's, Inc., a major Cincinnati retailer, filed its petition for relief under Chapter 11 of the Bankruptcy Code on October 31, 1995.  Shortly thereafter, in December, the Debtor ceased operations and closed its stores.  Rather than converting the case to a case under Chapter 7, the Debtor pursued liquidation of its assets under Chapter 11.  On December 13, 1996, it filed a disclosure statement estimating that in excess of $5 million would be available to pay creditors.  The bankruptcy court has never approved this disclosure statement, nor has any plan been filed, and now, after six years in Chapter 11, it appears that the Debtor has only about $1,200,000 available to distribute to creditors.  The shortfall results in part from the fact that certain assets sold by the Debtor brought much less into the estate than anticipated.  The result is that the Appellants' priority tax claims cannot be paid in full.

In January 2001, the Ohio Department of Taxation filed a motion to dismiss the case, convert it to a Chapter 7, or appoint a Chapter 11 trustee.  After a hearing on this motion, the bankruptcy court ordered the Debtor to file a motion to distribute funds or convert the case to one under Chapter 7.  The Debtor thereafter filed a motion to dismiss the case and to distribute the remaining funds according to the priorities established by 11 U.S.C. § 507, the general priority schedule of the Bankruptcy Code.  It gave notice of this motion to counsel for the Committee of Unsecured Creditors, the secured creditors, the United States Trustee, and certain other creditors who had requested service including the Appellants.  The bankruptcy court granted Debtor's motion over Appellants' objections and ordered distribution of the remaining funds according to § 507, after which it ordered the case dismissed under the provisions of 11 U.S.C. §§ 305(a) and 1112(b).  The result was that the Appellants were entitled only to a prorated distribution under 11 U.S.C. § 507(a)(8).  The Ohio Department of Taxation unsuccessfully sought a stay pending appeal in the bankruptcy court, and this timely appeal ensued.

## IV.  DISCUSSION

The bankruptcy court's final order did two things.  First, it ordered the Debtor to

3

distribute its remaining assets according to the priorities set out in 11 U.S.C. § 507 even though no disclosure statement had been approved and no plan had been filed or confirmed. Second, it ordered the case to be dismissed once the foregoing distribution was completed. We conclude that the bankruptcy court erred in ordering the distribution of funds over the objection of the Appellants.

In considering the propriety of the order to distribute the remaining assets of the estate, it must be borne in mind that this case was proceeding as a Chapter 11. No trustee had been appointed, and the Debtor was in control of its affairs. Even though this case was a liquidating Chapter 11, it could not be treated as a Chapter 7 for distribution purposes because in a Chapter 11 case it is "[t]he general rule . . . that distribution should not occur except pursuant to a confirmed plan of reorganization, absent extraordinary circumstances." *In re Conroe Forge & Mfg. Corp.,* 82 B.R. 781, 784 (Bankr. W.D. Pa. 1988). Otherwise,

> [i]f distribution is made to creditors in a liquidating Chapter 11 before confirmation of a plan there will be little incentive for parties in interest to prosecute the case in an expeditious manner much less to perform the work required to issue and obtain approval of a disclosure statement and plan.

*Id.* at 785 (citations omitted).

Indeed, Federal Rule of Bankruptcy Procedure 3021 assumes that distribution will occur only after a plan is confirmed: "[A]fter a plan is confirmed, distribution shall be made to creditors whose claims have been allowed . . . ." Although Rule 3021 deals essentially with other matters, it assumes that confirmation of a plan will precede the distribution to creditors because it is the confirmed plan that specifies what will be given to whom. There is no preordained distribution scheme because the plan is, for the most part, a consensual distribution scheme devised by the debtor and its creditors. Ordering a full distribution in a Chapter 11 without first having a confirmed plan, therefore, violates the conceptual predicate of Chapter 11.

Although we are aware of no court that has decided a case exactly like this one, several courts have commented on the impropriety of distributions to creditors in the absence of a confirmed plan. The issue has usually arisen when a sale of estate assets

4

has been made under 11 U.S.C. § 363(b) and it is proposed that the proceeds be distributed to a particular creditor before a plan has been confirmed.  In *Rosenberg Real Estate Equity Fund III v. Air Beds, Inc. (In re Air Beds, Inc.),* 92 B.R. 419 (B.A.P. 9th Cir. 1988), the bankruptcy court had allowed the debtor to pay $60,000 as a distribution to the Internal Revenue Service before confirmation of a plan.  Reversing, the Bankruptcy Appellate Panel of the Ninth Circuit stated:

> It is not the propriety of the sale, but the disposition of the sale proceeds which is at issue in this case.  We conclude that the bankruptcy court abused its discretion because the order allowing the distribution of the sale proceeds allows the debtor to circumvent the provisions of the Bankruptcy Code for the administration of a case under Chapter 11.

*Id.* at 422.

The Fifth Circuit Court of Appeals has noted that "[t]he debtor and the Bankruptcy Court should not be able to short circuit the requirements of Chapter 11 for confirmation of a reorganization plan by establishing the terms of the plan *sub rosa* in connection with a sale of assets."  *Pension Benefit Guaranty Corp. v. Braniff Airways, Inc. (In re Braniff Airways, Inc.),* 700 F.2d 935, 940 (5th Cir. 1983).  In *Braniff*, the bankruptcy court had approved the debtor's transfer of cash, airplanes, equipment, and other assets in such a way and to such a great extent that the transfers "had the practical effect of dictating some of the terms of any future reorganization plan."  *Id.*  The court concluded:

> Were this transaction approved, and considering the properties proposed to be transferred, little would remain save fixed base equipment and little prospect or occasion for further reorganization.  These considerations reinforce our view that this is in fact a reorganization.

*Id.*  At least when a party in interest objects, a bankruptcy court cannot issue orders that bypass the requirements of Chapter 11, such as disclosure statements, voting, and a confirmed plan, and proceed to a direct reorganization on the terms the court thinks best, no matter how expedient that might be.[1]

---

[1] In this case two interested parties objected to the distribution at issue.  Whether all interested parties in a case may waive the formality of a confirmed plan and agree to a distribution order is not the issue before us in this case.

Finally, the Fourth Circuit reversed a case in which the bankruptcy court, purportedly exercising its equitable powers under 11 U.S.C. § 105(a), set up a special fund that was to pay certain unsecured claims before any plan had been confirmed. Rejecting all such distributions, the court of appeals stated:

> The Bankruptcy Code does not permit a distribution to unsecured creditors in a Chapter 11 proceeding except under and pursuant to a plan of reorganization that has been properly presented and approved. 11 U.S.C. § 1121 provides for the filing of a plan of reorganization. Sections 1122-1129 set forth the required contents of a plan, the classification of claims, the requirements of disclosure of the contents of the plan, the method for accepting the plan, any modification thereof, the hearing required on confirmation of the plan and the requirements for confirmation. The clear language of these statutes, as well as the Bankruptcy Rules applicable thereto, does not authorize the payment in part or in full, or the advance of monies to or for the benefit of unsecured claimants prior to the approval of the plan of reorganization. The creation of the Emergency Treatment Program has no authority to support it in the Bankruptcy Code and violates the clear policy of Chapter 11 reorganizations by allowing piecemeal, pre-confirmation payments to certain unsecured creditors. Such action also violates Bankruptcy Rule 3021 which allows distribution to creditors only after the allowance of claims and the confirmation of a plan.

*Official Comm. of Equity Security Holders v. Mabey,* 832 F.2d 299, 302 (4th Cir. 1987). In reaching this conclusion, the court rejected the argument that 11 U.S.C. § 105(a) gave the bankruptcy court the power necessary to create such a special fund.

> While the equitable powers emanating from § 105(a) are quite important in the general bankruptcy scheme, and while such powers may encourage courts to be innovative, and even original, these equitable powers are not a license for a court to disregard the clear language and meaning of the bankruptcy statutes and rules.

*Id.*; *accord*, *In re Lufkin*, 256 B.R. 876, 880 (Bankr. E.D. Tenn. 2000) ("Courts should not employ § 105 as a tool to broadly legislate new remedies into the Bankruptcy Code."). In ordering the distribution it did in this case, the bankruptcy court exceeded its powers under § 105(a) by creating a hybrid creature not recognized by the Bankruptcy Code: a Chapter

7 without the protections of a trustee, or a Chapter 11 without the protections of a confirmed plan. We simply cannot find a basis in the Bankruptcy Code for permitting, over objections by interested parties, a distribution to creditors of all the assets in a Chapter 11 case absent a confirmed Chapter 11 plan.

Although we find that the bankruptcy court erred in ordering the distribution of assets in this case, the Debtor argues that the issues raised on appeal are now moot because, pursuant to the bankruptcy court's order permitting distribution and dismissal, the Debtor has already paid out about one half of the funds in its possession. Mootness occurs "when the plaintiff receives the relief sought or when it is factually, not legally, impossible to receive such relief." *Liberles v. County of Cook,* 709 F.2d 1122, 1127 (7th Cir. 1983). The burden of demonstrating mootness on appeal is on the party asserting it, and meeting the burden requires a showing "that the outcome of this appeal *could not* affect the legal interests of the parties." *Ohio v. Madeline Marie Nursing Homes Nos. 1 and 2*, 694 F.2d 449, 463 (6th Cir. 1982)(emphasis added). As another court has put it, "In deciding a mootness issue, 'the question is not whether the precise relief sought at the time the application for an injunction was filed is still available. The question is whether there can be any effective relief.'" *Cantrell v. City of Long Beach*, 241 F.3d 674, 678 (9th Cir. 2001)(quoting *Garcia v. Lawn*, 805 F.2d 1400, 1403 (9th Cir. 1986) (quoting *Northwest Envtl. Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244-45 (9th Cir. 1988)).

Relief for the Appellants in this case is still at least partly available because Appellants could conceivably improve their positions if the appeal is decided in their favor. On remand, the bankruptcy court would have at least three choices for proceeding: (1) the case could be converted to one under Chapter 7 with the attendant appointment of a trustee, (2) the case could be dismissed, or (3) it could be maintained in its current mode as a Chapter 11, with or without the appointment of a trustee. A trustee, if appointed, might discover additional assets, perhaps in the form of avoidable transfers, or the trustee might seek disgorgement, particularly from professionals, of disbursements that have

already been made.[2]  If the case is continued as a Chapter 11 with the Debtor in possession, the Appellants would be entitled at the very least to a disclosure statement approved by the court and to their voting rights.

It is not necessary to our jurisdiction that we be able to return Appellants to their original positions, nor must we guess precisely what relief the Appellants might receive in order to determine that this appeal is not moot.  As the Tenth Circuit has said,

> [W]e cannot say that a decision [on appeal] that the plan was erroneously confirmed could not have some effect on the proceedings below, even if it could not undo all that has taken place.

*King Resources Stockholders' Protective Comm. v. Baer (In re King Resources Co.)*, 651 F.2d 1326, 1332 (10th Cir. 1980) (footnote omitted); *accord Ohio v. Madeline Marie Nursing Homes Nos. 1 and 2*, 694 F.2d at 464.

The Supreme Court has also recognized that the possibility of a full return to the status quo ante is not necessary to defeat a claim of mootness.  Where the Internal Revenue Service obtained tape recordings pursuant to an unlawful summons, the Court held that the possibility of ordering their return or destruction was sufficient to defeat the IRS's claim that an appeal of the summons enforcement order was moot.

> Even though it is now too late to prevent, or to provide a fully satisfactory remedy for, the invasion of privacy that occurred when the IRS obtained the information on the tapes, a court does have power to effectuate a partial remedy by ordering the Government to destroy or return any and all copies it may have in its possession.  The availability of this possible remedy is sufficient to prevent this case from being moot.

*Church of Scientology of California v. United States*, 506 U.S. 9, 13, 113 S. Ct. 447, 450 (1992)(footnote omitted).  Thus, it is enough to find that our decision could have *some*

---

[2] The Appellants are particularly interested in obtaining a trustee to investigate various actions of the Debtor undertaken during the course of the Chapter 11 case.  The Appellants point out that because the Debtor will be unable to pay the priority taxes in full in accordance with 11 U.S.C. § 1129(a)(9)(C), the Debtor will be unable to obtain a confirmed plan over objections by the Appellants.  Hence, it is Appellants' position that the case should be converted to a Chapter 7 case with the attendant appointment of a Chapter 7 trustee.

effect if the case is reversed and remanded. Since it is conceivable that the Appellants could improve their positions if remand should occur, the case is not moot.

After ordering what amounts to a Chapter 7 distribution, the bankruptcy court dismissed the case. The Appellants contend the dismissal was improper because the bankruptcy court failed to give notice to all creditors of the hearing on the dismissal of the case. Federal Rule of Bankruptcy Procedure 2002(a)(4) states that "all creditors" must receive notice of the hearing on the dismissal of a case under Chapter 11.[3] The parties agree that the motion to dismiss was not served on all creditors, but only on counsel for the Committee of Unsecured Creditors, the secured creditors, the United States Trustee, and certain other creditors who had requested service. The Appellants, however, were among the creditors who received notice of the motion to dismiss. Thus, they lack standing to raise the notice issue on behalf of other creditors. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 2136 (1992)(holding that a prerequisite to standing is a concrete and particularized injury that has affected the plaintiff in a personal and individual way); *Mascolo v. Merrill Lynch Pierce Fenner & Smith, Inc. (In re Scientific Control Corp.)*, 80 F.R.D. 237, 240 (S.D.N.Y. 1978)(holding that person who received class notice lacks standing to complain that others did not). Nevertheless, the dismissal order must be reversed so that the bankruptcy court can conduct further proceedings in light of the reversal of its distribution order.

## V. CONCLUSION

Because we believe the bankruptcy court erred in ordering a distribution of assets before any plan had been proposed or confirmed, we **REVERSE** and **REMAND** the case to the bankruptcy court for further proceedings not inconsistent with this opinion.

---

[3] Rule 2002(a) provides: "Except as provided in subdivisions (h), (i), and (l) of this rule, the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 20 days' notice by mail of . . . (4) in a chapter 7 liquidation, a chapter 11 reorganization case, or a chapter 12 family farmer debt adjustment case, the hearing on the dismissal of the case . . . ."