In re Merriell L. MILLER, Debtor.

**Peerless Insurance Company, Plaintiff-Appellee,**

v.

**Merriell L. Miller, Defendant-Appellant.**

**BAP No. 98–8059.**

United States Bankruptcy Appellate Panel of the Sixth Circuit.

Submitted Dec. 2, 1998.

Decided Jan. 20, 1999.

Charles Fox, Fox & Associates, L.P.A., Dayton, Ohio, for Appellant.

T. David Mitchell, Reminger & Reminger, Cleveland, Ohio, for Appellee.

Before BAXTER, LUNDIN, and STOSBERG, Bankruptcy Appellate Panel Judges.

## OPINION

The Debtor, Merriell L. Miller, appealed the bankruptcy court's order which denied his motion to dismiss a dischargeability complaint filed by Peerless Insurance Company ("Peerless"). He contends that the complaint was filed untimely, as Peerless filed it beyond the terminal date set by the court and contrary to the plain meaning of Federal Rule of Bankruptcy Procedure 4007(c). We agree, and accordingly, must reverse the contrary conclusion by the bankruptcy court.

## I. ISSUE ON APPEAL

Whether the 60–day period of Bankruptcy Rule 4007(c) commences to run from the first date the § 341 meeting of creditors was initially scheduled or runs from the date the hearing was actually held? [1]

## II. JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit (BAP) has jurisdiction to decide this appeal, with the United States District Court for the Southern District of Ohio having authorized appeals to the BAP. A "final order" of a bankruptcy court may be appealed by right under 28 U.S.C. § 158(a)(1). In this appeal, however, the Panel construed the notice of appeal as a request for interlocutory appeal, which it granted by order entered August 27, 1998.

The bankruptcy court's conclusions of law are reviewed de novo. *See Nicholson v. Isaacman (In re Isaacman)*, 26 F.3d 629 (6th Cir.1994). Herein, the dispositive issue requires an interpretation of Rule 4007(c). A de novo review allows the reviewing panel to examine the interpretation and application of relevant statutes independent of the determination of the bankruptcy court. *See National City Bank v. Elliott (In re Elliott)*, 214 B.R. 148, 149 (6th Cir. BAP 1997). In this matter, there is no factual dispute; the issue addresses a purely legal question. Accordingly, de novo is the appropriate standard of review.

## III. FACTS

The Debtor filed his voluntary Chapter 7 petition for relief on October 13, 1993. The bankruptcy court duly noticed a meeting of creditors under 11 U.S.C. § 341 to be held on November 22, 1993. The notice instructed the parties in interest that January 21, 1994, was the deadline for filing dischargeability complaints. The Debtor failed to appear at the November 22, 1993 creditors meeting, as required under § 343 of the Bankruptcy Code [11 U.S.C. § 343]. The court rescheduled the meeting to January 27, 1994. Again, the Debtor failed to appear for examination causing the Trustee to move for dismissal of the case for want of prosecution.

1. Because we believe that the bankruptcy court misinterpreted Rule 4007(c), we need not reach the question whether the time periods in that rule are "jurisdictional."

The Trustee's dismissal motion was provisionally denied by the bankruptcy court, upon the Debtor's satisfactory attendance at a third scheduled creditors' meeting set for June 2, 1994. The Debtor attended that third meeting.

On May 16, 1994, Peerless sought an extension of the dischargeability complaint deadline. Peerless' extension request was premised on the Debtor's failure to attend the first two scheduled creditors' meetings. The court approved Peerless' motion and extended the deadline to August 1, 1994. On August 1, 1994, Peerless filed a nondischargeability complaint under § 523(a)(4). On March 15, 1995, the Debtor filed a motion to dismiss Peerless' complaint asserting that it was filed beyond the January 21, 1994 bar date required under Rule 4007(c). That motion was denied and this appeal ensued.

## IV. DISCUSSION

**The court erred by interpreting Rule 4007(c) as providing that the 60–day period begins to run on the date the first meeting of creditors is actually held.**

Federal Bankruptcy Rule of Procedure 4007(c) designates the time period within which complaints to determine dischargeability of a debt must be filed. Rule 4007(c) provides, in part, that "[a] complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following *the first date set* for the meeting of creditors held pursuant to § 341(a)." FED. R. BANKR. P. 4007(c) (emphasis added).

Rule 4007(c) is unambiguous. A complaint to determine dischargeability under § 523(c) must be filed not later than 60 days following the *first date set* for the meeting of creditors. Here, 60 days following the first date set for the meeting of creditors was January 21, 1994. Peerless did not file its complaint by that deadline. Peerless did not move for an extension of time within which to file its complaint until nearly four months after the deadline expired. *See* FED. R. BANKR. P. 4007(c) and 9006(b)(3) (permitting an enlargement of the 60 day period for filing complaints only on motion "made before the

time has expired."). Peerless' complaint was untimely.

The majority of cases interpret Rule 4007(c) to require that the 60–day period runs from the "first date set for the meeting of creditors," notwithstanding that the meeting is continued and actually occurs on a different date. We concur. *See, e.g., Durham Ritz Inc. v. Williamson (In re Williamson* ),15 F.3d 1037 (11th Cir.1994); *Kelly v. Gordon (In re Gordon* ), 988 F.2d 1000 (9th Cir.1993); *Neeley v. Murchison,* 815 F.2d 345 (5th Cir.1987); *Herndon v. De la Cruz (In re De la Cruz* ), 176 B.R. 19 (9th Cir. BAP 1994); *DeLesk v. Rhodes (In re Rhodes* ), 61 B.R. 626 (9th Cir. BAP 1986); *Datson v. Cote (In re Datson* ), 197 B.R. 1 (D.Me.1996); *Oak Hollow South Assocs. v. Cortes (In re Cortes* ), 125 B.R. 418 (E.D.Pa. 1991); *European–American Bank v. Hill (In re Hill* ), 48 B.R. 323 (N.D.Ga.1985); *American Express Centurion Bank v. Schoofs (In re Schoofs* ), 115 B.R. 1 (Bankr.D.D.C.1990); *In re Dipalma,* 94 B.R. 546 (Bankr.N.D.Ill. 1988); *Thompson v. Bartlett (In re Bartlett* ), 87 B.R. 445 (Bankr.W.D.Ky.1988); *In re Manuel,* 67 B.R. 825 (Bankr.E.D.Mich.1986); *Woodson v. Tosenberger (In re Tosenberger* ), 67 B.R. 256 (Bankr.N.D.Ohio 1986).

There are good policy reasons for this plain language reading of Rule 4007(c). The fraud, fiduciary breach and willful and malicious injury exceptions to discharge in § 523(a)(2), (4) and (6) were singled out by Congress for special procedural treatment. Complaints to determine dischargeability under these exceptions must be filed in the bankruptcy court. *See* 11 U.S.C. § 523(c)(1). Rule 4007 implements this special treatment with strict time limits that do not apply to other exceptions to discharge. *But see* 11 U.S.C. § 523(a)(15). Unlike other creditors with potentially nondischargeable claims, the creditor like Peerless, with a fraud exception to dischargeability, must act quickly in the bankruptcy court or else its exception to discharge will be barred without regard to the merits.

The Sixth Circuit has not addressed the counting of the 60 day period in Rule 4007(c) when the § 341 meeting is continued. In *Isaacman,* the Sixth Circuit discussed the

Rule 4007(c) deadline but in the context of a clerk's error in setting a bar date for complaints objecting to discharge. *Isaacman,* 26 F.3d 629. Restricting its holding to the facts, in *Isaacman,* the Sixth Circuit held that the bankruptcy court should have exercised its equitable powers under 11 U.S.C. § 105(a) to correct a mistake in noticing by the clerk's office that reasonably misled a creditor with respect to the complaint deadline. Here, no error by the clerk's office is alleged. The only mistake was Peerless' failure to heed the deadline for filing dischargeability complaints plainly stated in the clerk's notice.

## V. CONCLUSION

Bankruptcy Rule 4007(c)'s 60–day deadline runs from the first date set for the meeting of creditors. The bankruptcy court erred when it held otherwise. Accordingly, the decision of the bankruptcy court is **REVERSED** and **REMANDED** for dismissal of the adversary proceeding filed untimely by Peerless.