### In re David Lee GORRELL, Debtor.

### No. 00–52946.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

March 20, 2001.

849

Stephen E. Maher, Columbus, OH, for Debtor.

Matthew J. Thompson, Weltman Weinberg & Reis Co. L.P.A., Columbus, OH, for Creditor.

Sara J. Daneman, Gahanna, OH, Chapter 7 trustee.

Alexander G. Barkan, Assistant U.S. Trustee, Columbus, OH.

### MEMORANDUM OPINION AND ORDER

CHARLES M. CALDWELL, Bankruptcy Judge.

This case is before the Court on a motion ("Motion to Vacate") filed by Norwest Financial Ohio 1 ("Creditor") that seeks revocation of an order entered by this Court on July 14, 2000 ("July 14th Order"). The July 14th Order denied a motion filed by the Creditor in which it sought approval of an agreement with David Lee Gorrell ("Debtor") that purported to extend the deadline for the commencement of a dischargeability proceeding ("Motion to Extend"). The Court has concluded that the Creditor's Motion to Vacate should be **DENIED**. A history of this case will illustrate the bases for the Court's decision.

On April 6, 2000, the Debtor commenced this case by filing a voluntary petition for relief under chapter 7 of the Bankruptcy Code. An obligation to the Creditor was listed in Schedule F as an unsecured, non-priority "signature loan." On April 17, 2000, the Court issued notice of the commencement of the case, scheduled the meeting of creditors for May 11, 2000, and fixed the deadline for filing complaints of the kind listed in section 523(c) [1] as July 10, 2000 ("Bar Date"). The Court's records indicate the Creditor was served with this notice, and it does not deny receipt.

---

**1.** Unless otherwise noted, all statutory citations will refer to Title 11 of the United States Code, a.k.a. the Bankruptcy Code.

The meeting of creditors was held as scheduled, and no creditors attended. On July 11, 2000, the Creditor filed the Motion to Extend, and along with it an agreed order executed by counsel for the Creditor and on behalf of counsel for the Debtor (upon his telephonic authorization). The agreed order purported to extend the Bar Date by thirty days. The parties do not dispute that the Motion to Extend and the accompanying agreed order were filed one day after the Bar Date expired.

On July 14, 2000, the Court entered an order denying the Motion to Extend, finding that it lacked authority to enter the agreed order pursuant to Bankruptcy Rules 4007(c) and 9006(b)(3).[2] On July 18, 2000, a reaffirmation agreement pertaining to the obligation was filed. Upon learning of the July 14th Order, however, the Debtor exercised his right to rescind the reaffirmation agreement, and on August 17, 2000, he was granted a discharge under section 727.

On July 27, 2000, notwithstanding the July 14th Order, the Creditor commenced an adversary proceeding under section 523(a)(2).[3] The Debtor filed an answer on August 29, 2000. At a status conference convened on December 11, 2000, the Court and the parties discussed the posture of the adversary proceeding in light of the July 14th Order. On December 19, 2000, the Court issued a scheduling order that required the Creditor to file the Motion to Vacate, and required the Debtor to respond, by dates certain. The parties timely complied with the scheduling order.

In its Motion to Vacate, the Creditor alleges that the Debtor obtained an advance in the amount of $1,500.00 on a personal line of credit on or within sixty days prior to the commencement of this case, that he used those funds to purchase luxury goods or services, and that therefore, the obligation is nondischargeable under section 523(a)(2). The Creditor emphasizes that the Debtor agreed to reaffirm the obligation, and that the extension of the Bar Date was sought, with the Debtor's agreement, for the expressed purpose of preventing the Debtor from rescinding the agreement after the Bar Date. The Creditor argues that Rule 4007(c), which established the Bar Date, is merely a statute of limitations, rather than a constraint on the Court's jurisdiction. Thus, according to the Creditor, the Court should exercise its equitable powers to enlarge the Bar Date.

In his reply to the Creditor's Motion to Vacate, Debtor's counsel asserts that he discussed the Creditor's concerns about the dischargeability of the obligation with an employee of the Creditor nearly two months prior to the expiration of the Bar Date. He also asserts that they discussed an extension of the Bar Date beyond the deadline for rescission of any reaffirmation agreement that was executed by the Debtor. On June 29, 2000, Debtor's counsel advised the same Creditor's employee that the Debtor would agree to reaffirm the debt, and that Debtor's counsel would be out of the office on vacation from June 30 through July 10, 2000. The Debtor executed the reaffirmation agreement on June 30, 2000.

While Debtor's counsel was away, his office received two telephone calls from the Creditor to obtain his approval of the agreement to extend the Bar Date. Debtor's counsel admits he did not retrieve

---

2. Unless otherwise noted, all citations to rules of procedure will refer to the Federal Rules of Bankruptcy Procedure, a.k.a. the Bankruptcy Rules.

3. Actions under section 523(a)(2) are among those listed in section 523(c).

phone messages while he was on vacation and, therefore, did not learn of the Creditor's attempts to reach him until he returned to the office on July 10, 2000. On July 10, 2000, at approximately 2:00 p.m., Debtor's counsel phoned counsel for the Creditor and authorized him to sign his name to the proposed agreement. Unfortunately, the Motion to Extend and its accompanying agreement were not filed until July 11, 2001.

■ In considering the Creditor's Motion to Vacate, the Court's analysis must begin with Rules 4007(c) and 9006(b)(3). Rule 4007(c) provides, in pertinent part:

> A complaint to determine the dischargeability of a debt under section 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under section 341(a) ... [o]n motion of a party in interest ... the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.

Rule 9006(b) governs the enlargement of time. In particular, Rule 9006(b)(3) provides:

> The court may enlarge the time for taking action under Rules ... 4007(c) ... only to the extent and under the conditions stated in those rules.

Read together, Rules 4007(c) and 9006(b)(3) may be construed to prohibit a bankruptcy court from enlarging the Bar Date in any manner other than pursuant to a motion filed by a party in interest prior to the Bar Date's expiration. Indeed, a majority of the courts within the Sixth Circuit have reached this conclusion. *In re Lufkin,* 256 B.R. 876 (Bankr. E.D.Tenn.2000); *First Deposit National Bank v. Glover (In re Glover),* 212 B.R. 860 (Bankr.S.D.Ohio 1997); *Central Oil Field Supply Co. of Logan v. Cover (In re Cover),* 97 B.R. 375 (Bankr.S.D.Ohio 1989); *Household Finance Co. v. Beam (In re Beam),* 73 B.R. 434 (Bankr. S.D.Ohio 1987); *Goodwin v. United States Fidelity and Guaranty Ins. Co. (In re Goodwin),* 215 B.R. 710 (Bankr.W.D.Tenn. 1997).

This Court, on two prior occasions, also has interpreted Rules 4007(c) and 9006(b)(3) as setting the Bar Date very firmly. *Gordon Food Service, Inc. v. Nance (In re Nance),* chapter 7 Case No. 00–58388, Adv. No. 01–002 (Bankr. S.D.Ohio, January 8, 2001); *Harley Davidson Credit v. Davis (In re Davis),* chapter 7 Case No. 99–56263, Adv. No. 99–349 (Bankr.S.D.Ohio, March 28, 2000). In those cases, however, the Court was presented with facts vastly different from those at issue here. In *Nance* and *Davis,* the creditors seeking enlargement of the Bar Date admitted to being aware of the Bar Date well in advance of its expiration, yet took absolutely no action to extend the Bar Date or resolve their differences with the debtors in a timely fashion. In this case, the Creditor was aware of the Bar Date and was actively working with the Debtor and his counsel to resolve the dischargeability issue.

The Sixth Circuit has carved out one minor exception to the widely-accepted rule that Rule 4007(c)'s Bar Date can be enlarged only pursuant to a motion filed by a party in interest prior to its expiration. This exception has been very narrowly applied, and only in situations where the court itself made an error that resulted in the untimely action of a creditor. *See, Nicholson v. Isaacman (In re Isaacman),* 26 F.3d 629, 636 (6th Cir.1994). There is no allegation that the Court has made such an error in the case at bar.

The Creditor asserts that the Bar Date established by Rule 4007(c) is a statute of limitations, rather than a constraint on this

Court's jurisdiction. As a statute of limitations, the Creditor suggests that the Bar Date could be altered where the Court sees fit to invoke certain equitable doctrines, such as the doctrines of equitable tolling, waiver and estoppel. In support of this argument, the Creditor cites *First Bank System, N.A. v. Begue (In re Begue)*, 176 B.R. 801 (Bankr.N.D.Ohio 1995).

In *Begue*, the plaintiff deposited its dischargeability complaint in the mail eight days prior to the expiration of the Bar Date. Notwithstanding the relatively close proximity of the court and the offices of plaintiffs counsel, inexplicably, the complaint was not filed until nine days later—one day after the expiration of the Bar Date. In denying the debtor/defendant's motion to dismiss, the court held that Rule 4007(c)'s Bar Date was in the nature of a statute of limitations and, therefore, was subject to enlargement through the invocation of the doctrine of equitable tolling. *Begue*, 176 B.R. at 804. In its analysis, the *Begue* court found that, even upon the expiration of the Bar Date, "debtors simply do not always enjoy an unfettered right to a 'fresh start,'" because courts often entertain objections to the granting of a discharge, actions to revoke a discharge, or actions to dismiss the case without discharge. Where actions such as these have been commenced, the *Begue* court concluded that bankruptcy courts retain jurisdiction over the dischargeability of debts even after the expiration of the Bar Date. *Begue*, 176 B.R. at 803–04.

Without reaching the question of whether Rules 4007(c) and 9006(b)(3) constitute a constraint on the Court's jurisdiction, or merely establish a statute of limitations, it is the Court's conclusion that the *Begue* decision is distinguishable on its facts alone. In the *Begue* case, timely efforts to comply with the Bar Date were rendered ineffective by an unforeseen and inexplicable delay in the arrival of the mail. The Court in the instant case sympathizes with the Creditor that was attempting to reach an accommodation with the Debtor. Also, the Court understands that the Debtor exploited the July 14th Order by rescinding the reaffirmation. The Creditor, however, could have acted to protect its interests as the Bar Date drew closer. The Court finds that the facts and equities in the instant case do not warrant enlargement of the Bar Date. Further, the Court holds that, absent unusual circumstances which are beyond the creditor's control, or instances of clerical error by the Court, time for acting under Rule 4007(c) should be enlarged only upon a motion filed prior to its expiration, pursuant to Rule 9006(b)(3).

Accordingly, the Creditor's Motion to Vacate is **DENIED**.

**IT IS SO ORDERED.**