ELECTRONIC CITATION: 2001 FED App. 0010P (6th Cir.)
File Name: 01b0010p.06

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| In re: EDWIN M. MAUGHAN, SR., | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| JOHN P. NARDEI, | ) | |
| | ) | |
| Plaintiff -Appellee, | ) | |
| | ) | |
| v. | ) | No. 01-8008 |
| | ) | |
| EDWIN M. MAUGHAN, SR., | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| _____ | ) | |

Appeal from the United States Bankruptcy Court
for the Northern District of Ohio at Youngstown.
No. 98-41905; Adv. No. 99-4004.

Submitted: August 1, 2001

Decided and Filed: October 12, 2001

Before: AUG, COOK, and RHODES, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ON BRIEF:** Andrew W. Suhar, Youngstown, Ohio, Jeffrey D. Adler, Youngstown, Ohio, for Appellant. Mark D. Shepard, BABST, CALLAND, CLEMENTS & ZOMNIR, P.C., Pittsburgh, Pennsylvania, Mark A. Beatrice, MANCHESTER, BENNETT, POWERS & ULLMAN, Youngstown, Ohio, for Appellee.



_____

## OPINION

_____

J. VINCENT AUG, JR., Bankruptcy Appellate Panel Judge.  Appellant, Edwin W. Maughan ("Debtor" or "Maughan"), appeals the judgment of the bankruptcy court holding that the debt owed by him to the appellee, John P. Nardei ("Nardei"), is nondischargeable. Maughan contends that the bankruptcy court erred in granting Nardei an extension of time in which to file a nondischargeability complaint.  Nardei's motion requesting an extension of time was filed three days after the deadline for the filing of complaints objecting to dischargeability of debts or discharge of the Debtor.  We **REVERSE**.


## STATEMENT OF ISSUES

The sole[1] issue in this case is whether the bankruptcy court erred in granting Nardei an extension of time to file a complaint when the motion for extension of time was not filed until after the deadline had lapsed.


## JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal.  The United States District Court for the Northern District of Ohio has authorized appeals to the BAP.  A final order of a bankruptcy court may be appealed by right under 28 U.S.C. § 158(a)(1).  For purposes of appeal, an order is final if it "'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'"  *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citations omitted).

---

[1]Debtor's appeal originally included an appeal of the memorandum opinion of the bankruptcy court entered January 9, 2001, finding the debt owed to Nardei nondischargeable.  However, Debtor has abandoned the appeal on the merits of the nondischargeability complaint and relies solely on his argument that the bankruptcy court erred in granting an extension of time to file the complaint.

We review the bankruptcy court's conclusions of law de novo. *See Nicholson v. Isaacman (In re Isaacman)*, 26 F.3d 629 (6th Cir. 1994).

> Herein, the dispositive issue requires an interpretation of Rule 4007(c). A de novo review allows the reviewing panel to examine the interpretation and application of the relevant statutes independent of the determination of the bankruptcy court. In this matter, there is no factual dispute; the issue addresses a purely legal question. Accordingly, de novo is the appropriate standard of review.

*Peerless Ins. Co. v. Miller (In re Miller)*, 228 B.R. 399, 400 (B.A.P. 6th Cir. 1999) (citation omitted).

## FACTS

Debtor filed his chapter 7 petition for relief on June 30, 1998. On July 3, 1998, the clerk's notice was served advising creditors that October 19, 1998, was the deadline for filing a complaint objecting to discharge or a complaint to determine dischargeability of a certain debt. The appellee and his counsel were served with a copy of the notice.

On October 22, 1998, three days after the deadline, Nardei filed a motion for extension of time to object to discharge. The motion was filed on the basis of excusable neglect and inadvertence because Nardei's counsel asserted he was waiting for discovery documents that were to be provided by Debtor. According to Nardei, the Debtor had failed to provide the documents at a scheduled 2004 examination but had indicated on the record at the 2004 examination that he would timely provide the documents. Nardei stated that he was unable to file a timely complaint on the basis of fraud without the needed discovery.

Debtor filed a response objecting to Nardei's motion for extension of time. Debtor argued that the time limits set by Bankruptcy Rule 4007(c)[2] are jurisdictional in nature and cannot be extended by motion once the deadline has passed.

The bankruptcy court held that the time limits are not jurisdictional in nature but rather more like a statute of limitations which is subject to equitable tolling. The bankruptcy court further found that Debtor's failure to comply with the bankruptcy court's orders

---

[2]Unless otherwise noted, all citations to rules of procedure will refer to the Federal Rules of Bankruptcy Procedure.

requiring him to produce certain documents was the cause of Nardei's failure to file the complaint in a timely manner. Accordingly, the bankruptcy court granted the motion and extended the time in which Nardei was permitted to file a complaint objecting to discharge to 20 days after the time Debtor provided the requested discovery.

It is important to note that Nardei's motion requested only an extension of time to object to Debtor's discharge. The bankruptcy court's order granting Nardei an extension of time noted that the authorities cited by Debtor related to Bankruptcy Rule 4007, which applies to a complaint filed pursuant to § 523 to determine the dischargeability of a specific obligation. The bankruptcy court further noted that Nardei's motion "specifically references an action to deny a discharge, which is governed by the provisions of FED. R. BANKR. P. 4004," and stated that "[a]lthough it may be argued that the foregoing is a distinction without a difference, the distinction does not go without notice." (Appellant's App. Ex. 6 at 4.) Consistent with the above, the bankruptcy court's order granted an extension of time in which to file a complaint objecting to discharge. There is no indication in the bankruptcy court's order that an extension of time was also granted for a complaint to determine the dischargeability of a particular debt under Bankruptcy Rule 4007.

On January 11, 1999, Nardei filed his Complaint for Exception to Discharge and to Deny or Revoke Discharge (the "complaint"). The complaint contained both an objection to the discharge of Nardei's debt under Bankruptcy Rule 4007 and an objection to discharge under Bankruptcy Rule 4004. At trial, however, it appears that Nardei only pursued the claim under Bankruptcy Rule 4007 to determine the dischargeability of his particular debt.

At the trial, Debtor again raised his objection to the extension of time given Nardei to file the complaint. By memorandum opinion entered January 9, 2001, the bankruptcy court determined that the debt owed to Nardei by Debtor was nondischargeable because it was obtained through false pretenses, a false representation or actual fraud pursuant to 11 U.S.C. § 523(a)(2)(A).

On January 18, 2001, Debtor filed his timely appeal.

4

## DISCUSSION

The Bankruptcy Code sections and Bankruptcy Rules applicable to this case are as follows:

Section 523 provides:

> (a) A discharge under section 727, . . . of this title does not discharge an individual debtor from any debt–
>
> . . . .
>
> > (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by–
> >
> > > (A) false pretenses, a false representation, or actual fraud, . . . .
>
> . . . .
>
> (c)(1) Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), (6), or (15) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), (6), or (15), as the case may be, of subsection (a) of this section.

11 U.S.C. § 523(a)(2)(A), (c).

Bankruptcy Rule 4007(c) provides:

> A complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later that 60 days after the first date set for the meeting of creditors under § 341(a). The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002. On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. *The motion shall be filed before the time has expired*.

FED. R. BANKR. P. 4007(c) (emphasis added).

Finally, Bankruptcy Rule 9006(b)(3) provides: "The court may enlarge the time for taking action under Rules . . . 4007(c), . . . only to the extent and under the conditions stated in those rules." FED. R. BANKR. P. 9006(b)(3).

5

A minority of courts have held that the deadline set forth in Bankruptcy Rule 4007(c) is not jurisdictional but rather a statute of limitations, subject to the defenses of waiver, estoppel, and equitable tolling. *See First Bank System v. Begue (In re Begue)*, 176 B.R. 801 (Bankr. N.D. Ohio 1995) (citing *Schunck v. Santos (In re Santos)*, 112 B.R. 1001, 1005-06 (B.A.P. 9th Cir 1990)); *Fallang v. Hickey (In re Hickey)*, 58 B.R. 106, 108-09 (Bankr. S.D. Ohio 1986). *See also European Am. Bank v. Benedict (In re Benedict)*, 90 F.3d 50, 54 (2d Cir. 1996). Indeed, the bankruptcy court in *Begue* admitted that "[t]he overwhelming majority of courts have decided that [Bankruptcy Rule] 9006(b)(3) leaves the bankruptcy court no discretion to enlarge the time for filing a complaint objecting to discharge when a complaint or a motion for extension of time to file is submitted past the deadline." *Begue*, 176 B.R. at 802 (collecting cases).

The Court of Appeals for the Sixth Circuit has held that Bankruptcy Rule 9006(b)(3) "does not prevent a bankruptcy court from exercising its equitable powers under 11 U.S.C. § 105(a) in accepting an untimely filed complaint." *Isaacman*, 26 F.3d at 632 (footnote omitted). The Sixth Circuit, however, did not rule whether the time limits set forth in Bankruptcy Rule 4007(c) are jurisdictional or a statute of limitations. Further, the Sixth Circuit limited the use of the bankruptcy court's equitable powers stating:

> [W]e conclude that where a bankruptcy court erroneously sets a second bar date for the filing of complaints to determine the dischargeability of a debt before the first bar date has expired and where a creditor, reasonably relying on that second date, files a complaint before the expiration of the second bar date, the bankruptcy court abuses its discretion if it fails to exercise its equitable powers and permit the complaint to proceed.

*Isaacman*, 26 F.3d at 636.

In *Miller,* we noted that the Sixth Circuit's decision in *Isaacman* was restricted to the facts set forth in *Isaacman*. *Miller*, 228 B.R. at 402. "Here, no error by the clerk's office is alleged. The only mistake was [creditor's] failure to heed the deadline for filing dischargeability complaints plainly stated in the clerk's notice." *Id.* The Sixth Circuit's holding in *Isaacman* has been described as

> one minor exception to the widely-accepted rule that Rule 4007(c)'s Bar Date can be enlarged only pursuant to a motion filed by a party in interest prior to its expiration. This exception has been very narrowly applied, and only in

situations where the court itself made an error that resulted in the untimely action of a creditor.

*In re Gorrell*, 260 B.R. 848, 851 (Bankr. S.D. Ohio 2001) (citing *Isaacman*, 26 F.3d at 636).

Nardei has not asserted that his failure to timely file the complaint was caused by an error of the bankruptcy court. Therefore, the limited exception permitted by the Sixth Circuit in *Isaacman* is not applicable to this case.

In the case before the Panel, Nardei argues that the Debtor's failure to provide the requested discovery was the reason Nardei could not timely file his complaint. Nardei reasons that since his complaint was based on fraud and he is required to plead fraud with specificity, that he could not do so and could not satisfy the requirements of Bankruptcy Rule 9011 without the needed discovery.

In *Newman Group Computer Exch., Inc. v. White (In re White)*, No. 92-05103 (Bankr. S.D. Ohio Apr. 11, 1994), the creditor asserted that it should be excused from the application of the deadline for filing a nondischargeability complaint because it was misled by statements of the debtor. However, the bankruptcy court found that a creditor with notice of the bankruptcy has the responsibility to pursue and protect its own interests in the bankruptcy case. *Id*. *See also Longo v. McLaren (In re McLaren)*, 136 B.R. 705, 718 (Bankr. N.D. Ohio 1992) (where debtor failed to comply with court order to provide discovery, creditor "could and should have obtained an extension of time to object to Debtor's discharge if he was not at that time prepared to file an objection to discharge."), *aff'd*, 3 F.3d 958 (6th Cir. 1993); *Gorrell*, 260 B.R. 848 (creditor could have acted to protect its interests as the bar date drew closer). Certainly, Nardei could have filed a timely motion for extension stating cause upon which the extension should be granted. *See Marshall v. Demos (In re Demos)*, 57 F.3d 1037 (11th Cir. 1995) (parties filed a motion for extension of time prior to the deadline when they realized the debtor would be unable to provide the needed discovery prior to the deadline for filing complaints under 11 U.S.C. § 523).

## CONCLUSION

The bankruptcy court erred in granting the extension of time to file the complaint objecting to discharge. The judgment of the bankruptcy court in this matter is **REVERSED**

and the matter is **REMANDED** to the bankruptcy court with instructions to dismiss the adversary proceeding.